Thomas S. **MERTES**, Plaintiff,

v.

Victorine S. **MERTES** et al., Defendants.

Civ. A. No. 4438.

United States District Court,
D. Delaware.

Nov. 2, 1972.

John M. Bader and Robert Jacobs, of
Bader, Dorsey & Kreshtool, Wilmington,
Del., for plaintiff.

Jay Paul James, of Morris, James,
Hitchens & Williams, Wilmington, Del.,
for defendant Victorine S. Mertes.

James T. Perry, Deputy Atty. Gen.,
Wilmington, Del., for defendants Robert
C. O'Hara and Paul E. Neill.

Before HUNTER, Circuit Judge and
LATCHUM and STAPLETON, District
Judges.

## OPINION AND ORDER

LATCHUM, District Judge.

This civil action is before the Court
on the defendants' motion to dismiss the
plaintiff's challenge to the constitution-
ality of a Delaware statute providing for
division of property upon divorce. The
reason asserted for dismissal is that the
complaint fails to state a claim upon
which relief can be granted in that the
action is barred by the doctrine of *res
judicata*.[1]

The events leading to this litigation
may be summarized as follows: On Oc-

---

1. In Williams v. Murdoch, 330 F.2d 745,
749 (C.A.3, 1964), the Third Circuit
Court of Appeals held that *res judicata*
could properly be raised by a motion to
dismiss under Rule 12(b), F.R.Civ.P.

tober 30, 1971, the defendant Victorine S. Mertes ("Victorine"), was granted a Final Decree of Divorce from the plaintiff, Thomas S. Mertes ("Thomas"), by the Delaware Superior Court in and for New Castle County on the grounds of Thomas' willful desertion. On February 24, 1972, following a hearing on the allowance or division of property upon divorce, the Superior Court directed Thomas to transfer portions of his real and personal property to Victorine pursuant to 13 Del.C. § 1531(a)(2).[2] Thomas, who was represented by counsel of his own choosing, participated fully in both of these state court proceedings.

Upon appeal by Thomas of this judgment to the Delaware Supreme Court, Thomas for the first time raised the claim that 13 Del.C. § 1531(a) violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution. On June 12, 1972 the Delaware Supreme Court affirmed the lower court decision and refused to consider the constitutional question because that issue had not been raised in the court below and was not a question of such public importance as to be entertained for the first time on appeal.[3] When Thomas still refused to comply with the allowance and division of property award after affirmance by the Delaware Supreme Court, the Superior Court on August 1, 1972 entered an order to enforce its judgment and pursuant to 13 Del.C. § 1531(b) appointed a commissioner to convey Thomas' undivided one-half interest in certain property[4] to Victorine. Basing his complaint upon 42 U.S.C. § 1983, Thomas then instituted the present action in this Court on August 1, 1972 seeking (a) an order declaring § 1531 unconstitutional, (b) an injunction against the operation of the property division enforcement order and (c) a $40,000 judgment for damages against Victorine. The complaint named as defendants Victorine, Robert O'Hara, the presiding Superior

2. 13 Del.C. § 1531 provides as follows:
    (a) When a divorce shall be decreed in this State:
       (1) At the suit of the husband or the wife, whatever the grounds, the wife shall be restored to all her real estate;
       (2) At the suit of the wife on grounds other than non-age, voluntary separation or incompatibility, the wife shall be allowed out of her husband's real estate, personal estate, or both, such share as the court deems reasonable;
       (3) At the suit of the husband or the wife except as otherwise provided in this subsection, whatever the grounds, the wife may be allowed out of her husband's real estate, personal estate, or both, such share as the court deems reasonable.
    (b) Any allowance or division of the property under subsection (a) of this section may be by a gross sum, annual allowance, or by an assignment by metes and bounds. The court may appoint commissioners to execute any order in the premises, and may issue writs of possession, as in the case of lands sold on execution process.

3. Under settled Delaware law, the Delaware Supreme Court will not consider on appeal issues not raised in the trial court. Stephenson v. Commonwealth & Southern Corporation, 19 Del.Ch. 447, 168 A. 211 (Del.Supr.1933); Danby v. Osteopathic Hospital Ass'n of Delaware, 34 Del. 427, 104 A.2d 903 (Del.Supr.1954); Lichter v. Bowaters Southern Paper Corporation, 51 Del. 492, 148 A.2d 671 (Del.Supr. 1959).

4. The Superior Court enforcement order directed the Commissioner to execute a deed conveying to Victorine a dwelling in Wilmington, Delaware, known as 1307 West 13th Street, and a beach home at Indian Beach, Sussex County, Delaware. Prior to their divorce both of these properties, along with other real estate, were held by the Mertes as tenants by the entirety; after the divorce the Mertes each owned an undivided one-half interest in all real estate as tenants in common. The enforcement order also provided that Thomas was to pay Victorine $5,000.00 plus attorney fees and expenses of $1,910.45 by depositing certified checks for those sums with the Prothonotary on or before 12 o'clock Noon on September 1, 1972. A modification of the enforcement order also required Victorine to convey her undivided one-half interest in the property known as 1303 North Franklin Street, Wilmington to Thomas.

474

Court Judge in the divorce and property division proceedings and Paul E. Neill, the Prothonotary of New Castle County, the commissioner appointed to convey Thomas' interest in the jointly held real estate.

Because this action sought to enjoin the enforcement, operation and execution of a Delaware statute of state-wide application on federal constitutional grounds, a three-judge District Court was convened pursuant to 28 U.S.C. §§ 2281 and 2284. Jurisdiction exists by virtue of 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

Under § 1531(a)(1), when a divorce is decreed at the suit of either the husband or wife, whatever the grounds, "the wife shall be restored to all her real estate." This has been held to mean that whether or not the wife is at fault "there shall be returned" to her "or that she shall be reinvested with the real estate or a part thereof which she had at the time of marriage or which she acquired during the marriage and as to which the husband had obtained some right or rights by virute of the marriage." Sidwell v. Sidwell, 5 W.W.Harr. (35 Del.) 322, 324, 165 A. 334, 335 (Del.Super.1933).

Section 1531(a)(2) provides that at the suit of the wife on grounds of the husband's fault, "the wife shall be allowed out of her husband's real estate, personal estate, or both, such share as the *court deems reasonable.*" Under § 1531(a)(3), "the wife may be allowed out of her husband's real estate, personal estate, or both, such share as the court deems reasonable" regardless of *the grounds for divorce or who is found* to be at fault.

Thomas claims that this statutory scheme violates his right to Procedural Due Process and the Equal Protection of the law because it affords a wife, regardless of fault, an opportunity to share her husband's property but does not afford the same opportunity to the husband. This, he contends, is an invidious, arbitrary and irrational distinction based solely on the sex of the parties.

The Court, however, is barred from reaching the merits of the constitutional claim by the doctrine of *res judicata.* It is well settled that where parties have been afforded an opportunity to participate fully in litigation, a prior final judgment rendered in an action by a state court of competent jurisdiction will operate as a bar to a subsequent adjudication of the same claim in a federal court not only as to every matter which was offered and received to sustain or defeat the claim, but also as to every other matter, which could have been litigated and determined in that action. Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); E. B. Elliott Adv. Co. v. Metropolitan Dade County, 425 F.2d 1141 (C.A.5, 1970), cert. den. 400 U.S. 805, 91 S.Ct. 12, 27 L.Ed.2d 35 (1970); Coogan v. Cincinnati Bar Association, 431 F.2d 1209 (C.A.6, 1970).

■ The fact that the constitutional claim raised here was not considered by the Delaware Supreme Court because of Thomas' procedural default in failing to raise the issue in the lower state court does not make the doctrine inapplicable. Hilliard v. Commonwealth of Pennsylvania, 308 F.Supp. 756 (W.D.Pa.1970), aff'd 438 F.2d 92 (C.A.3, 1971). For the purpose of *res judicata,* when the Delaware Supreme Court affirmed the lower court decision, the constitutional issue is treated as though decided adversely to the plaintiff by that court despite its disclaimer of any intention to pass on the merits of the claim. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947). "It is a misconception of *res judicata* to assume that the doctrine does not come into operation if a court has not passed on the 'merits' in the sense of the ultimate substantive issues of a litigation. An adjudication declining to reach such ultimate substantive issues may bar a second attempt to reach them in another court of the State [including a Federal District Court]." Angel v. Bullington, *supra* at 190, 67 S.Ct. at 661.

Furthermore, *res judicata* is equally applicable to suits brought under the Civil Rights Act. Gambocz v. Yelencsics, 468 F.2d 837 (C.A.3, 1972); Coogan v. Cincinnati Bar Association, *supra.*

Therefore, *res judicata* bars this Court from litigating the constitutional claim now raised by Thomas which could have been litigated as a defense in the state court against the judgment that was entered in Victorine's favor.

As to the defendants O'Hara and Neill, neither of whom were parties in the state court proceedings, the doctrine is equally applicable to bar litigation in this Court. The Court of Appeals for the Third Circuit in Bruszewski v. United States, 181 F.2d 419 (C.A.3, 1950), cert. den. Bruszewski v. United States War Shipping Administration, 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950), held that *res judicata* may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants, where there is a close or significant relationship between successive defendants. The *Bruszewski* principle is applicable here to the additional defendants. They were simply added to the present suit in order to obtain some of the injunctive relief demanded. The ultimate relief sought here is relief against Victorine and any relief granted with respect to O'Hara and Neill would adversely affect her. Since the constitutional issue could have been raised as a defense in the state proceedings, but was not, and the state proceedings went to final judgment adverse to Thomas, he may not now litigate piece-meal that issue here against the added defendants who are not indispensable. See Gambocz v. Yelencsics, *supra.* Accordingly, we hold that Thomas is barred from proceeding against all the defendants in this action.

The two cases relied upon by Thomas do not compel a contrary result. In McNeese v. Board of Education, 373 U. S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963), the Supreme Court held that a plaintiff would not be required to exhaust any state-created remedies before bringing a Civil Rights action. It had no reference to the present situation where an adjudication in a state court adverse to the plaintiff has been rendered. Similarly in Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), the Supreme Court held that the Anti-Injunction Statute, 28 U.S.C. § 2283, is not an absolute bar to suits brought under the Civil Rights Statute. In its decision the Supreme Court took care to point out that the decision did not "qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding." 407 U.S. at 243, 92 S.Ct. at 2163. Since the principles of comity and federalism in federal-state relations were in fact reaffirmed by the Supreme Court in *Mitchum,* it appears clear that, absent extraordinary circumstances, these principles mandate Federal District Courts to give *res judicata* effect to final decisions of the highest state courts.