**COUNTY OF LANCASTER and Penn Manor School District**

v.

**PHILADELPHIA ELECTRIC COMPANY et al.**

**Civ. A. No. 74–1554.**

United States District Court,
E. D. Pennsylvania.

Jan. 3, 1975.

Lawrence J. Lee, Philadelphia, Pa., for plaintiffs.

J. Justin Blewitt, Jr., and Lawrence Silver, Deputy Attys. Gen., Harrisburg, Pa., for Commonwealth and Supreme Court.

Appel, Herr & Appel, Lancaster, Pa., for Philadelphia Electric.

## OPINION

LUONGO, District Judge.

The County of Lancaster and Penn Manor School District, which is located in Lancaster County, instituted this suit claiming violation of their civil rights by the defendants, Philadelphia Electric Company (PECO), a Pennsylvania public utility corporation, the Commonwealth of Pennsylvania, and the Pennsylvania Supreme Court, in denying to

the County and the School District [1] the right to tax certain property owned by PECO. Plaintiffs seek damages approximating $1,300,000, representing taxes which should have been collected, plus interest, costs and counsel fees. The defendants have filed motions to dismiss the action pursuant to Rule 12(b), F.R. C.P.

In 1962 PECO began the acquisition of a large tract of land in Lancaster County to be used for construction and operation of a generating facility referred to as the Muddy Run Pumped Storage Hydro-Electric Project. By the terms of a federal license issued in 1964, portions of the land were required to be set aside for park and recreational purposes. Construction of the facilities, the total cost of which was estimated to be in excess of $74 million, began in 1964. In 1967 the first two of eight generating units were in operation and in 1968 the facility was completely operational. For the years 1965, 1966 and 1967, the land acquired by PECO for the Project was included in the annual assessment rolls without adjustment for the improvements which were in the course of construction. No appeals were filed from the annual assessments and PECO paid the local taxes due on those assessments for each of the three years.

During March 1967 and May 1968, the Board for the Assessment and Revision of Taxes for the County of Lancaster made additional assessments for the years 1965, 1966 and 1967 based on expenditures for the improvements to the land in the course of construction of the facilities.[2] PECO appealed to the Court of Common Pleas of Lancaster County. The Common Pleas Court declared the additional assessments invalid on the grounds that (1) the generating facilities were exempt from taxation even

during construction; (2) retroactive assessments were permitted only for "omitted property," and improvements were not "omitted property" under the applicable state law; and (3) the dam and land and improvements devoted solely to recreational purposes were exempt from taxation during construction because PECO, by acceptance of the federal license, became a trustee for the public of this recreational facility, within the meaning of 72 P.S. § 5020–204(f). Philadelphia Electric Company Appeal, 63 Lancaster Law Review 521 (1972).[3] The decision was affirmed by the Commonwealth Court on the grounds that (1) the generating facilities were exempt from taxation even during construction, (2) retroactive assessments were permitted only for "omitted property," and improvements were not "omitted property" under the applicable state law, and (3) since no appeals were taken from the assessments for 1965, 1966 and 1967 within the statutory time period, the assessments were final and not thereafter subject to revision under applicable state law. Board for Assessment and Revision of Taxes of Lancaster County, Township of Drumore, Township of Martic, Solanco School District and Penn Manor School District, Appellants v. Philadelphia Electric Company, Appellee, 10 Pa.Cmwlth. 382, 308 A.2d 627 (1973). The Pennsylvania Supreme Court denied allocatur. (Allocatur Docket, Eastern District, No. 1109, February 22, 1974). The taxing authorities did not seek certiorari to the United States Supreme Court before the instant suit was filed by the County of Lancaster and Penn Manor School District.

Plaintiffs have based jurisdiction on 28 U.S.C. §§ 1331 and 1343(3), alleging that defendants have violated 42 U.S.C.

---

1. The School District has the power to tax pursuant to Public School Code of 1949, 24 P.S. § 1–101 et seq., as amended.

2. Plaintiffs concede that the facilities of the utility are exempt from taxation when actually in operation for the generation of electricity. See Longvue Disposal Corp. v.

Board of Property Assessment, Appeals and Review of Allegheny County, 375 Pa. 35, 99 A.2d 464 (1953).

3. In addition to the present plaintiffs, Drumore and Martic Townships and Solanco School District were parties to the state court proceedings.

§ 1983 and the Fifth and Fourteenth Amendments to the United States Constitution. It is plaintiffs' contention that since other tax exempt organizations, such as charitable institutions, are not entitled to the exemption for the period while facilities are under construction, granting exemption to utilities during the period of construction violates the due process and equal protection clauses; that the Supreme Court of Pennsylvania, by denying allocatur, created the discriminatory classification and that it, and its "employer," the Commonwealth of Pennsylvania, are liable for the violation of plaintiffs' constitutional rights, and that PECO, by participating[4] in the unlawful discriminatory practice, is likewise liable.

■ The defendants have based their motions to dismiss on numerous grounds. It will not be necessary to discuss all the grounds since dismissal is clearly dictated by principles of res judicata. In reaching this conclusion I am, of course, mindful that "on a motion to dismiss the complaint must be viewed in the light most favorable to the plaintiff and that the complaint should not be dismissed unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim." Frederick Hart & Co. v. Recordgraph Corp., 169 F.2d 580, 581 (3d Cir. 1948); cited in Melo-Sonics Corp. v. Cropp, 342 F.2d 856 (3d Cir. 1965).

■ Although res judicata is an affirmative defense (see Rule 8(c)), it may be raised and disposed of on a motion to dismiss, Connelly Foundation v. School District of Haverford Township, 461 F.2d 495 (3d Cir. 1972); Williams v. Murdoch, 330 F.2d 745 (3d Cir. 1964); Hartmann v. Time, Inc., 166 F.2d 127 (3d Cir.), cert. denied, 334 U.S. 838, 68 S.Ct. 1495, 92 L.Ed. 1763 (1948); see Auritt v. Wheatcroft, 370

F.Supp. 948, 951 (E.D.Pa.1974), quoting from Larter & Sons, Inc. v. Dinkler Hotels Co., 199 F.2d 854, 855 (5th Cir. 1952):

" 'With respect to a specific affirmative defense such as *res judicata*, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss whether the decision of the District Court be considered as having been arrived at under the provisions of Rule 12(b)(6) or Rule 56(c).' "

Counsel for plaintiffs conceded at oral argument that there is no dispute concerning the accuracy of the record of the state proceedings as proferred in PECO's affidavit, consequently the matter is ripe for disposition.

■■ In non-diversity cases, federal courts apply their own rule of res judicata. Heiser v. Woodruff, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946); Blonder-Tongue v. University Foundation, 402 U.S. 313, 324, footnote 12, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). Judgment on the merits in a suit bars a second suit between the same parties or their privies on the same cause of action, and the judgment is final "not only as to every matter which was offered and received to sustain or defeat the claim or demand, *but as to any other admissible matter which might have been offered for that purpose*." Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195 (1876) (emphasis added); Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

■ Traditionally, the doctrine of res judicata required identity of parties (or their privies) and of causes of action in both suits, and that the matters raised in the second suit were either raised or

---

4. At oral argument plaintiffs' counsel withdrew whatever charges or implications may be contained in the complaint that PECO conspired with the Commonwealth of Pennsylvania and the Pennsylvania Supreme Court to violate plaintiffs' constitutional rights.

could have been raised in the prior litigation. Applying that test here, there is clearly identity of parties as to the County of Lancaster, Penn Manor School District and PECO. The causes of action are identical in that the County and the School District seek to assess additional taxes for the years 1965, 1966 and 1967 to tax the value of improvements made during the course of construction of the facilities at the Muddy Run Pumped Storage Hydro-Electric Project. The denial of the right to tax such improvements during construction is the "wrong for which redress [was] sought" (Woodbury v. Porter, 158 F.2d 194, 195 (8th Cir. 1946)) in both the state and the federal actions. All the issues raised in the instant suit were either raised in the state suit, or could have been raised there.

■ Plaintiffs contend that the violation of their constitutional rights did not ripen until the Supreme Court denied allocatur, thereby placing its stamp of approval on the court created discriminatory classification. This argument overlooks, however, that the possibility of such a ruling was present throughout the entire course of the state litigation, consequently the "unequal protection" claim was always available. In Coogan v. Cincinnati Bar Association, 431 F.2d 1209 (6th Cir. 1970); Mertes v. Mertes, 350 F.Supp. 472 (D.Del.1972) (three-judge court), aff'd 411 U.S. 961, 93 S. Ct. 2141, 36 L.Ed.2d 681 (1973); and Flynn v. State Board of Chiropractic Examiners, 418 F.2d 668 (9th Cir. 1969), res judicata was held to bar subsequent litigation even though constitutional issues sought to be raised in the federal actions had never been litigated in the state courts.

Roy v. Jones, 484 F.2d 96 (3d Cir. 1973), emphasized that the failure to seek review in the United States Supreme Court from the judgment of the highest court of the state was fatal to the federal claim, and quoted from Coogan v. Cincinnati Bar Association (dealing with suspension of a Justice of the Peace):

" 'Coogan had an adequate remedy for review of his suspension by petitioning the Supreme Court of the United States for a writ of certiorari. He chose not to resort to that remedy.

'The Civil Rights Act was not designed to be used as a substitute for the right of appeal, or to collaterally attack a final judgment of the highest court of a state and relitigate the issues which it decided.

'The final judgment of the Supreme Court is conclusive and Coogan is precluded by the doctrine of res judicata from relitigating not only the issues which were actually involved in the disbarment proceeding, but also the issues which he might have presented.' " Roy v. Jones, 484 F.2d at p. 98.

In Mertes, supra, cited with approval in Roy v. Jones, constitutionality of a state statute was challenged for the first time on appeal. The state Supreme Court refused to consider the question since it had not been raised in the court below. The federal suit seeking to declare the state statute unconstitutional was held barred by res judicata, the three-judge court stating, 350 F.Supp. at 474:

"The fact that the constitutional claim raised here was not considered by the Delaware Supreme Court because of [the] procedural default in failing to raise the issue in the lower state court does not make the doctrine inapplicable."

PECO's motion for dismissal (whether considered as a motion under Rule 12(b) or Rule 56(c)) must be granted since plaintiffs' claim is barred by res judicata.

■ Neither the Commonwealth of Pennsylvania nor the Pennsylvania Supreme Court were parties to the prior litigation, nevertheless they seek dismissal on res judicata as well as other grounds. At one time it was thought that "unless both parties (or their privies) in a second action [were] bound by a judgment in a previous case, neither party (nor his privy) in the second ac-

tion [could] use the prior judgment as determinative of an issue in the second action." Blonder-Tongue v. University Foundation, *supra,* 402 U.S. at pp. 320–321, 91 S.Ct. at p. 1439. This "mutuality of estoppel" is no longer an absolute requisite. Bruszewski v. United States, 181 F.2d 419 (3d Cir.), cert. denied 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950), cited in Blonder-Tongue v. University Foundation, *supra,* 402 U.S. at 324–325, 91 S.Ct. 1434.

■ In *Bruszewski* an injured longshoreman lost a suit against a steamship company servicing a vessel for the United States. He then sought to bring suit against the United States. Despite the absence of privity, the action was dismissed, the Court of Appeals stating, 181 F.2d at 422, in affirming the dismissal:

> ". . . where, as in this case, *res judicata* is invoked against a plaintiff who has twice asserted essentially the same claim against different defendants, courts have . . . enlarged the area of *res judicata* beyond any definable categories of privity between the defendants."

In Mertes v. Mertes, *supra,* a state court judge was named as a defendant in the federal action. The three-judge court, citing *Bruszewski,* held that the state court judge was entitled to the bar of res judicata notwithstanding that he had not been a party to the prior litigation. See also Tang v. App.Div. of N. Y. Supreme Ct., First Dept., 487 F.2d 138 (2d Cir. 1973), cert. denied 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974). The same principle is applicable here. Plaintiffs are simply attempting to assert already litigated issues against different defendants. The motions of the Commonwealth of Pennsylvania and the Pennsylvania Supreme Court to dismiss the claim as barred by res judicata will be granted.

■ There is yet another ground on which this court must refuse to consider the constitutional claims sought to be asserted here. It is settled that adjudica-tion on constitutional grounds should be avoided unless absolutely essential to the disposition of the case. Justice Brandeis, in his often cited concurring opinion in Ashwander v. Tennessee Valley Authority, 297 U.S. 288 at 347, 56 S.Ct. 466 at 483, 80 L.Ed. 688 (1936), stated the principle in these words:

> "The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of. This rule has found most varied application. Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter. Siler v. Louisville & Nashville R. Co., 213 U.S. 175, 191 [29 S.Ct. 451, 53 L.Ed. 753]; Light v. United States, 220 U.S. 523, 538 [31 S.Ct. 485, 55 L.Ed. 570]."

This rule of judicial restraint, cited and applied in numerous cases, see e. g., Regional Rail Reorganization Act Cases, — U.S. —, —, fn. 23, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974); Hagans v. Lavine, 415 U.S. 528, 546–548, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); Alexander v. Louisiana, 405 U.S. 625, 633, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972); United States v. Campos-Serrano, 404 U.S. 293, 295, 92 S.Ct. 471, 30 L.Ed.2d 457 (1971); Hillsborough v. Cromwell, 326 U.S. 620, 629, 66 S.Ct. 445, 90 L.Ed. 358 (1946); Lange v. United States, 143 U.S.App.D.C. 305, 443 F.2d 720, 727 (1971); Bauers v. Heisel, 361 F.2d 581, 588 (3d Cir. 1966), cert. denied, 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967), precludes consideration of the alleged constitutional violations since this case can be disposed of on purely state law grounds.

Under the state scheme of local taxation, assessments are required to be made by a date certain for each taxable year, with provision for the addition to the annual tax rolls of "such property . . . as may have been omitted

. . .; and such added assessments may be used for the taxation of the property . . . only for the current year and the preceding three years if there was liability for such taxes under existing law." 72 P.S. § 5348. Appeals from the final fixing of the assessment and valuation must be filed within thirty days. 72 P.S. § 5350.

The state courts held that, in the absence of appeal within the time permitted by state law, the assessments for each of the years in question were final and not subject to revision, and that improvements to already assessed property did not constitute "omitted property" within the meaning of the state law permitting limited retroactive additional assessments. These state law grounds, which raise no constitutional questions, adequately dispose of plaintiffs' claims. Under these circumstances, it is neither necessary nor proper to reach the final ground for state court decision, the one which raises the claim of constitutional violation, i. e., that property of utilities was exempt even during the period of construction.

The Commonwealth of Pennsylvania and the Pennsylvania Supreme Court are entitled to dismissal for two additional reasons which require little or no discussion: (1) neither the Commonwealth nor the Supreme Court are "persons" against whom suit may be brought under 42 U.S.C. § 1983, see United States ex rel. Gittlemacker v. Philadelphia, 413 F.2d 84 (3d Cir. 1969) cert. denied 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970); Meyer v. New Jersey, 460 F.2d 1252 (3d Cir. 1972); Safeguard Mutual Insurance Company v. Pennsylvania, 372 F.Supp. 939 (E.D.Pa. 1974); Zuckerman v. App.Div., Second Dept., Supreme Ct. of State of N.Y., 421 F.2d 625 (2d Cir. 1970); Harris v. Louisiana State Supreme Ct., 334 F.Supp. 1289 (E.D.La.1971); and (2) neither the County nor the School District may bring suit against the state or the judicial arm of the state asserting claims under the Fourteenth Amendment, see Williams v. Mayor, 289 U.S. 36, 53 S.Ct.

431, 77 L.Ed. 1015 (1933); Trenton v. New Jersey, 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937 (1923); Newark v. New Jersey, 262 U.S. 192, 43 S.Ct. 539, 67 L. Ed. 943 (1923); New York v. Richardson, 473 F.2d 923, 929 (2d Cir.), cert. denied, Lavine v. Lindsay, 412 U.S. 950, 93 S.Ct. 3012, 37 L.Ed.2d 1002 (1973). In Williams, 289 U.S. at 40, 53 S.Ct. at 432, the Court held that "[a] municipal corporation, created by a state for the better ordering of government, has no privileges or immunities under the Federal Constitution which it may invoke in opposition to the will of its creator." This reasoning applies equally to all political subdivisions of a state, see New York v. Richardson, *supra,* Triplett v. Tiemann, 302 F.Supp. 1239 (D.Neb. 1969), and bars any alleged federal claim by these plaintiffs against the Commonwealth of Pennsylvania or the Pennsylvania Supreme Court.

The motions of the Commonwealth of Pennsylvania and the Pennsylvania Supreme Court to dismiss will be granted.