Niels **KORUP**

v.

John P. **FLAHERTY,** Bruce W. **Kauffman, Rolf Larsen, Robert N. C. Nix, Jr.,** Henry X. **O'Brien,** Samuel J. **Roberts,** Roy **Wilkinson, Jr.**

Civ. A. No. 81–2799.

United States District Court, E. D. Pennsylvania.

Oct. 27, 1981.

Niels Korup, pro se.

Charles W. Johns, Howland W. Abramson, Administrative Office of Pennsylvania Courts, Philadelphia, Pa., for defendants.

## MEMORANDUM

LUONGO, District Judge.

Niels Korup, the plaintiff in this civil rights action, was denied permission to sit for the February 1981 Pennsylvania bar examination because he failed to meet certain admission requirements established by, or under the authority of, the Pennsylvania Supreme Court (the Court). The defendants, sued individually and in their judicial capacity, are the Justices of the Court. Although it is not entirely clear from his complaint, Korup essentially alleges that the admission requirements in question, as adopted and as applied, violate his rights under the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. Korup seeks relief in the form of an order of this court requiring the defendants to admit him to the practice of law or permit him to sit for the next Pennsylvania bar examination. Plaintiff alleges that this court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 for violations of 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution.

The defendants have moved to dismiss on the grounds that (a) this court lacks subject matter jurisdiction, (b) the action is barred by the doctrine of res judicata or collateral estoppel, (c) the plaintiff has failed to state a claim upon which relief can be granted, and (d) this court lacks the authority to grant the relief requested.

## BACKGROUND

The plaintiff is a law school graduate of the University of Copenhagen and is admitted to the practice of law in Denmark. In 1976, he received an L.L.M. from the University of California at Berkeley, and the following year completed an additional 14 credits during post graduate study at Harvard Law School. Aggregating the number of credit hours Korup had completed at Berkeley with those completed at Harvard, Korup had accumulated 44 credit hours at institutions fully accredited by the American Bar Association. On the basis of these credentials,[1] Korup applied in September 1980 to the Pennsylvania Board of Law Examiners (the Board) for permission to sit for the Pennsylvania bar examination.

The Pennsylvania Board of Law Examiners is a creation of the Supreme Court of Pennsylvania. Its primary function is to recommend persons for admission to the bar

---

1. Korup also pointed out to the Board in his application that he had approximately three years work experience as a legal assistant in a Philadelphia law firm.

in accordance with the Bar Admission Rules (B.A.R.) promulgated by the Court. Pa. B.A.R. 103, 104. Ultimate jurisdiction over regulating admission to the bar is vested in the Court. Pa.Const. art. V, § 10(c). Generally, to be considered for admission, an applicant must have received either a bachelor of laws or a juris doctor degree from an institution accredited by the American Bar Association. Pa. B.A.R. 203(2). Since Korup received his law degree from the University of Copenhagen, an institution not within the accreditation activities of the A.B.A., his application was considered by the Board under Rule 205, which reads:

Rule 205. Admission of Foreign Attorneys

The Board, under such standards, rules and procedures as it may prescribe, may extend the provisions of Rule 203 (relating to the admission of graduates of accredited institutions) to any applicant who has completed the study of law in a law school which at the time of such completion was not located within the geographical area encompassed by the accreditation activities of the American Bar Association and who has been admitted to practice law in and is in good standing at the bar of a foreign country, as evidenced by a certificate from the highest court or agency of such foreign country having jurisdiction over admission to the bar and the practice of law.

In order to effectuate the rule, the Board had adopted, several years prior to Korup's application, the following resolution:

Upon MOTION, duly made and seconded, it was resolved that foreign attorneys may apply to sit for the Pennsylvania Bar Examination provided they have successfully completed the study of law in an accredited American law school for 24 credit hours with a minimum of 16 credit hours in any of the following subjects: Criminal Law, Real Property, Contracts, Torts, Evidence, Constitutional Law, Corporations and Decedents' Estates.

The Board applied these criteria to Korup's application and found that his course work at Harvard and Berkeley exceeded the 24 credit-hour requirement, but that he had accumulated only 11 credit hours in the subjects specified in the resolution. Accordingly, the Board denied his application to sit for the bar examination. Korup timely petitioned the Court for review of the Board's determination. *See* Pa. B.A.R. 222 and Pa.R.App.P. 1501 *et seq.* While his petition for review was pending, Korup also filed with the Court a motion for summary relief, Pa.R.App.P. 1532(b), or, in the alternative, for expedited oral argument. This motion and the petition for review were denied by the Court without opinion on June 19, 1981.

Korup did not seek review of the Pennsylvania Supreme Court's ruling in the United States Supreme Court, but, instead, filed the present action in this court. Count I of Korup's complaint alleges that his right to due process has been violated by the adoption and application of admission requirements which create an irrebuttable presumption that he is unqualified to practice law. Count II alleges that the defendants' practice of occasionally granting waivers of the A.B.A. accreditation requirement to graduates of domestic, but not to graduates of foreign law schools violates his right to equal protection under the law.

### DEFENDANTS' MOTION

The defendants initially contend that this action must be dismissed for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). I disagree. Plaintiff's complaint pleads facts sufficient to support the jurisdiction of this court under 28 U.S.C. §§ 1331 and 1343. Defendants do not dispute this. Rather, their argument is based on the principle that federal district court jurisdiction under those two sections is entirely original, and that plaintiff is really seeking review of the action of the Supreme Court of Pennsylvania under the guise of a civil rights suit. In support of their position, they point to several federal courts of appeals' decisions which, in dismissing suits similar to plaintiff's, held that federal district courts do not have jurisdiction to review orders of a state court relating to

admission to the bar. *E. g., Brown v. Board of Bar Examiners,* 623 F.2d 605 (9th Cir. 1980); *Woodward v. Virginia Board of Bar Examiners,* 598 F.2d 1345 (4th Cir. 1979).

Plaintiff, in an attempt to avoid the harsh consequences dictated by these decisions, contends that this court does have jurisdiction under the "subtle but fundamental distinction" drawn in *Doe v. Pringle,* 550 F.2d 596, 597 (10th Cir. 1976), *cert. denied,* 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977). In *Doe,* the Court of Appeals for the Tenth Circuit observed that the federal courts have jurisdiction over a claim raising "a constitutional challenge to the state's general rules and regulations governing admission," but do not have jurisdiction over "a claim, based on constitutional or other grounds, that the state has unlawfully denied a particular applicant admission." *Id.* Asserting that this dichotomy has been accepted in this district, *see Delgado v. McTighe,* 442 F.Supp. 725 (E.D. Pa.1977), plaintiff categorizes his action within the first type of *Doe* challenge.

In the context of the present litigation, the *Doe* dichotomy is much easier to state than to apply. *Cf. Brunwasser v. Strassburger,* 490 F.Supp. 959, 963 (W.D.Pa.1980), *aff'd without opinion,* 642 F.2d 440 (3d Cir. 1981), *cert denied,* —— U.S. ——, 102 S.Ct. 124, 70 L.Ed.2d 105 (1981). However, I find it unnecessary to determine the applicability of *Doe* in this case.[2] If, in fact, plaintiff is attempting to relitigate issues already determined by the Supreme Court of Pennsylvania, the defendants' attack on his complaint is more properly based upon principles of res judicata, not subject matter jurisdiction. *See Roy v. Jones,* 484 F.2d 96, 98–99 & n.11 (3d Cir. 1973); *Adams v. Supreme Court of Pennsylvania,* 502 F.Supp. 1282, 1285 n.4 (M.D.Pa.1980).

Before addressing the question of res judicata, I can readily dispose of defendants' contention that dismissal is warranted because this court lacks the power to grant the relief requested. Conceding *arguendo* that I am without authority to award the relief sought by plaintiff, I cannot dismiss his action on that ground. *Holt Civic Club v. City of Tuscaloosa,* 439 U.S. 60, 65–66, 99 S.Ct. 383, 387–388, 58 L.Ed.2d 292 (1978). Fed.R.Civ.P. 54(c) authorizes a federal district court to grant the relief to which a party is entitled, "even if the party has not demanded such relief in his pleadings." My inquiry must, therefore, center upon whether plaintiff is entitled to *any* relief.

Defendants contend that plaintiff's federal constitutional challenges to the admission requirements were previously litigated in the Pennsylvania Supreme Court, consequently plaintiff is barred by the doctrine of res judicata or collateral estoppel from advancing such claims in this action. Plaintiff's complaint is silent as to the nature of the issues presented to Pennsylvania's highest court, but defendants have filled the void in the record by submitting the affidavit of Antonia DiStefano, a clerk in the Office of the Prothonotary for the Supreme Court of Pennsylvania, attesting to the authenticity of records before the court consisting of three exhibits: (1) a copy of the disposition of the Court on plaintiff's petition for review and motion for summary relief; (2) a copy of plaintiff's brief in support of his petition for review; and (3) a copy of plaintiff's motion for summary relief or expedited oral argument. These exhibits reveal that plaintiff's petition for review advanced two distinct constitutional arguments, (1) that the bar admission re-

---

**2.** If I were to accept the proposition that *Doe v. Pringle, supra,* represents the law in this circuit on the issue before me, I would be constrained to find that this court does not have subject matter jurisdiction. Korup is plainly seeking to have this court review the Supreme Court of Pennsylvania's adjudication of his *particular* application. He makes no request for declaratory relief, *see Brown v. Board of Bar Examiners, supra,* at 610, but rather asks that I order the defendants to admit him to practice or permit him to sit for the bar examination. This is the identical relief Korup sought before the Pennsylvania Supreme Court. It is clear to me, therefore, that Korup is not utilizing his own individual claim as a vehicle to challenge general bar admission rules and regulations. It is clearer still that I have no appellate jurisdiction to review the determinations of Pennsylvania's highest court.

quirements violated his rights under the due process clause by creating an irrebuttable presumption that he was unqualified to practice law; and (2) that, in contravention of the equal protection clause, waivers of the admission requirements were available to "domestic attorneys" but not to "foreign attorneys". The exhibits further reveal that plaintiff's motion for summary relief incorporated these same constitutional arguments by reference to plaintiff's brief in support of his petition for review.

As a preliminary to discussion of the res judicata issue, I note that, although res judicata is normally raised by answer as an affirmative defense, Fed.R.Civ.P. 8(c), it may also be raised in a motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). *Connelly Foundation v. School District of Haverford Township,* 461 F.2d 495 (3d Cir. 1972); *County of Lancaster v. Philadelphia Electric Co.,* 386 F.Supp. 934 (E.D.Pa.1975). Moreover, since the defendants have introduced factual materials not contained in the plaintiff's complaint, I have notified both parties of my intention to treat defendants' motion to dismiss as one for summary judgment and gave them the opportunity to submit additional material pursuant to Rule 56(e). Fed.R.Civ.P. 12(b). Plaintiff has elected to file only an additional memorandum of law.

Although there is some controversy in the circuits concerning the scope of the doctrine of res judicata in actions under 42 U.S.C. § 1983, *compare Robbins v. District Court,* 592 F.2d 1015 (8th Cir.), *cert. denied,* 444 U.S. 852, 100 S.Ct. 107, 62 L.Ed.2d 69 (1979), *with New Jersey Education Ass'n v. Burke,* 579 F.2d 764 (3d Cir.), *cert. denied,* 439 U.S. 894, 99 S.Ct. 252, 58 L.Ed.2d 239 (1978), at the very least the

doctrine precludes a party from relitigating in federal court those issues actually "pressed before, and decided by, a state tribunal." *See New Jersey Education Ass'n v. Burke, supra,* at 774. It is immediately apparent from the exhibits to the DiStefano affidavit that the federal constitutional claims advanced in Counts I and II of plaintiff's complaint are substantially similar, if not identical, to those raised before the Pennsylvania Supreme Court. Plaintiff evidently does not dispute this fact. Rather, he argues that the Court was foreclosed from considering his constitutional challenges because he had not presented them to the Board, and they therefore were not part of the record on appeal. From that premise, plaintiff concludes that the Court's denial of his petition for review was based solely on his failure to fulfill the requirements specified in the Board resolution. In support of this argument, he relies on Pa. B.A.R. 222(f), which reads:

(f) Review and action by Supreme Court. The Supreme Court shall review the record and enter an appropriate order. Unless otherwise ordered, matters arising under these rules will be considered without oral argument.

This argument is simply incorrect. For purposes of the Pennsylvania Rules of Appellate Procedure, the Board's determination is a quasijudicial order which the Court is *required* to review. Pa. B.A.R. 222(c), (f). Under Pa.R.App.P. 1551(a), the scope of the Court's review of quasijudicial orders extends not only to matters of record, but also to questions involving the validity of a statute.[3] I must conclude, therefore, that the Court necessarily considered and rejected plaintiff's constitutional claims when it denied plaintiff's petition for review and motion for summary relief.[4]

---

3. The Pennsylvania Supreme Court has never held that a court rule, adopted under the authority of Pa.Const. art. V, § 10(c), is or is not a "statute" for purposes of Pa.R.App.P. 1551(a)(1). Nevertheless, I have no doubt whatsoever that the Pennsylvania Supreme Court has, in practice, construed the term to encompass rules of court. *See* Pa.R.C.P. 127 and 128.

4. Because I conclude that the constitutional claims presented herein were actually pressed before, and decided by, the Pennsylvania Supreme Court, I find it unnecessary to consider the applicability of the "actually litigated" versus "could-have-litigated" distinction drawn in *New Jersey Education Ass'n v. Burke, supra.* Similarly, this conclusion eliminates, for pur-

█ Plaintiff further insists that res judicata is inappropriate in this case because the very decision claimed as res judicata was rendered by his adversaries, the defendants. In other words, he argues that "to accept defendants' res judicata argument is to accept defendants as the ultimate judges in their own case." (Plaintiff's memorandum in opposition to defendants' motion to dismiss at 10.) By reason of this circumstance, plaintiff argues that he has received only illusory protection of his federally created rights. This argument has a surface appeal. Moreover, while I have found several decisions that have given res judicata effect to a state court's interpretation of the constitutionality of its own bar admission or disciplinary rules and procedures,[5] I have found no reported decision which responds to the identical argument plaintiff now raises. Nevertheless, I am not persuaded by such shallow logic. Review of the Court's decision could have been sought in the United States Supreme Court. Having chosen not to pursue that avenue of review, plaintiff cannot now maintain that he is entitled to an independent federal adjudication of his Fourteenth Amendment claims. Furthermore, as the United States Supreme Court recently articulated,

> nothing in the language or legislative history of § 1983 proves any congressional intent to deny binding effect to a state court judgment or decision when the state court, acting within its proper jurisdiction, has given the parties a full and fair opportunity to litigate federal claims, and thereby has shown itself willing and able to protect federal rights.

*Allen v. McCurry*, 449 U.S. 90, 103–04, 101 S.Ct. 411, 419–20, 66 L.Ed.2d 308 (1980).

In effect, plaintiff maintains that he did not have a full and fair opportunity to litigate his federal claims in state court because the defendants "could hardly be expected to hold their own actions unconstitutional." Plaintiff's memorandum in opposition to Defendants' motion to dismiss at 10. However, the United States Supreme Court does not share plaintiff's lack of confidence in the willingness of state supreme courts to adhere to their obligations under the Supremacy Clause. *See Allen v. McCurry, supra,* at 105, 101 S.Ct. at 420. Courts, in general, have long been recognized as competent to adjudicate the constitutionality of their own rules. *See In re Oliver,* 452 F.2d 111 (7th Cir. 1971); *Waldo v. Lakeshore Estates, Inc.,* 433 F.Supp. 782 (E.D.La.1977), *appeal dismissed,* 579 F.2d 642 (5th Cir. 1978). The Court of Appeals for the Second Circuit expressly refused to accept the assumption plaintiff now makes when it gave res judicata effect to a state court's interpretation of the constitutionality of its own procedures in an attorney discipline proceeding. *See Turco v. Monroe County Bar Ass'n,* 554 F.2d 515, 520 (2d Cir.), *cert. denied,* 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 95 (1977), wherein the court stated:

> [Plaintiff] claims, however, that the review of his constitutional claims in both the state courts and the Supreme Court was illusory, and that to bar his claims on the doctrine of *res judicata* "is effectively to prevent any full consideration of the issues in any forum." He argues that the constitutional review by the state courts is defective because they are "particularly unlikely to consider [their] own procedural deficiencies." We cannot agree. As this court stated in another case involving an attorney in a New York State disciplinary proceeding, "[t]here is no reason to assume that [the attorney's] consti-

---

poses of the facts of this case, any need for consideration of the nuances distinguishing res judicata from collateral estoppel.

5. *See, e. g., Diaz-Buxo v. Trias Monge,* 593 F.2d 153 (1st Cir.), *cert. denied,* 444 U.S. 833, 100 S.Ct. 64, 62 L.Ed.2d 42 (1979); *Grossgold v. Supreme Court of Illinois,* 557 F.2d 122 (7th Cir. 1977); *Turco v. Monroe County Bar Ass'n,* 554 F.2d 515 (2d Cir.), *cert. denied,* 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 95 (1977); *Good-*

rich *v. Supreme Court of South Dakota,* 511 F.2d 316 (8th Cir. 1975); *Tang v. Appellate Division of the New York Supreme Court,* 487 F.2d 138 (2d Cir. 1973) (Hays, J., concurring), *cert. denied,* 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974); *Roy v. Jones,* 484 F.2d 96 (3d Cir. 1973); *Brunwasser v. Strassburger, supra* (alternative holding). *Cf., Adams v. Supreme Court of Pennsylvania,* 502 F.Supp. 1282 (M.D.Pa.1980).

tutional rights will not be protected by the Appellate Division ..., or, if further review becomes necessary by the New York Court of Appeals." *Erdmann v. Stevens,* 458 F.2d 1205, 1211 (2d Cir.), *cert. denied,* 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972).

State courts, as much as federal courts, are bound by and required to follow the United States Constitution. [Plaintiff], as appellees did in *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), is "urging [the Court] to base a rule on the assumption that state judges will not be faithful to their constitutional responsibilities." And like the Supreme Court, "[t]his we refuse to do." *Id.,* 420 U.S. at 611, 95 S.Ct. at 1211. *See also Mildner v. Gulotta,* 405 F.Supp. 182, 184–85, 198 (E.D.N.Y.1975) (3 judge court), *aff'd without opinion,* 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976). Although *Turco* involved disciplinary proceedings, I see no reason why the same rule should not apply to rules for admission to the bar, as to which, since the beginning of this nation, state courts have exercised ultimate control.[6] *Cf. Schware v. Board of Bar Examiners,* 353 U.S. 232, 248, 77 S.Ct. 752, 761, 1 L.Ed.2d 796 (1957) (Frankfurter, J., concurring).

Accordingly, this action is barred by the doctrine of res judicata, and defendants' motion to dismiss, treated as a motion for summary judgment, will be granted.[7]

---

**6.** This is not to suggest that the Fourteenth Amendment rights of an applicant for admission to the bar can be subordinated to arbitrary or capricious action of a state court. There is, however, nothing in this record to indicate that the defendants have acted arbitrarily and capriciously. Although the plaintiff alleges that application of the bar admission rules sometimes leads to arbitrary and capricious *results,* he does not allege that the defendants acted in bad faith in considering his petition.

**7.** Having concluded that plaintiff's claims are barred by res judicata, I do not reach defendants' other grounds for dismissal. I do note,

however, that Count II of plaintiff's complaint appears to be moot insofar as it alleges that waivers of the A.B.A. accreditation requirement, *see* Pa.B.A.R. 203(2), are sometimes given to domestic attorneys but not to foreign attorneys. Pa.B.A.R. 203, which enumerates the general requirements for admission to the Pennsylvania Bar, was amended in April of 1980, more than a year before this action was filed, to provide that receipt "without exception" of a Bachelor of Law or Juris Doctor from an A.B.A. law school is a prerequisite for admission to the bar.