Rance Lee VIA, Appellant,

v.

Kenneth S. CLIFF, Warden, et al.

No. 71-1953.

United States Court of Appeals, Third Circuit.

Submitted Oct. 6, 1972.

Decided Dec. 6, 1972.

Rance Lee Via, pro se.

Robert M. Landis, Dechert, Price & Rhoads, Philadelphia, Pa., for appellees.

Before SEITZ, Chief Judge, and HASTIE and HUNTER, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Rance Lee Via seeks damages but not injunctive relief under the Civil Rights Act for alleged infringements by the defendants of his constitutional right to counsel. The alleged infringements occurred while Via was confined in the Lancaster County Prison awaiting trial on a state felony-murder charge. The defendants are Kenneth S. Cliff, Warden of the Lancaster County Prison, Edward Hutton, Deputy Warden, Robert H. Brighton, Captain of the Guards, and Lancaster County, Pennsylvania.[1] The district court granted summary judgment for the defendants after considering the pleadings of both parties and an affidavit submitted by Via. Via appeals the summary judgment. Throughout his district court proceedings and this appeal, Via has been in prison, without counsel, and without money.

In his complaint filed December 18, 1969 and in his affidavit filed October 21, 1970, Via alleges that "the defendants . . . acting under the color of law deprived [him] of private consultation with his . . . attorneys on June 13th 1967, and again on June 20th 1967, by refusing to permit [his] attorneys to communicate with [him]" in violation of his constitutional right to counsel in that:

(A) On June 13, 1967: Six days before the start of his trial (June 19, 1967), Via's counsel visited Via in the afternoon at the prison to review his case. After about 50 minutes, Captain of the Guards Brighton interrupted and told counsel to leave although he was informed that more time was needed to prepare Via's defense. Brighton interrupted several more times. Then Deputy Warden Hutton arrived. Counsel told Deputy Warden Hutton that Via was on trial for his life in one week and that counsel wanted to stay longer. Deputy Warden Hutton became angry and shouted that he did not care and that counsel must leave because the hour was up. Counsel requested to see Warden Cliff, but Deputy Warden Hutton told counsel that Warden Cliff was not interested in talking with Via's counsel. Counsel left and immediately went downtown to see Judge Wissler of the Court of Common Pleas. Judge Wissler called Deputy Warden Hutton and instructed him to permit counsel to visit Via at any time for any length of time.

After counsel had left the prison on June 13, Via was not returned to his cell. Instead, he was taken to the consultation room where he was interrogated by the police, in absence of counsel, concerning his alleged criminal conduct. Counsel had previously told prison officials that they did not want the police to see and interrogate Via without counsel being present.

(B) On June 20, 1967: On this day, the second day of Via's trial, counsel told Via in the courthouse that they would come out to the prison that evening to discuss with him some important aspects of his case. Counsel arrived at the pris-

---

1. While there is some question as to whether Lancaster County is an appellee, we have chosen to treat it as such.

on at 8:10 p.m. A prison official (known to Via by sight but not by name) denied counsel admission to the prison. Thus, Via did not have the consultation with his counsel that evening in preparation for his continued defense at trial.

The next day counsel informed the state trial judge that they had been denied admission to the prison the evening before. The judge recessed the trial for the afternoon so that Via and his counsel could have the consultation which was prevented the previous evening. Via's counsel agreed that this recess was sufficient time for the needed consultation.

After the filing of Via's complaint on December 18, 1969, the defendants' answer, and Via's reply, the defendants filed on July 21, 1970 a motion for "judgment on the pleadings." The district court ordered consideration of this motion and stated Via could file a brief and affidavits in opposition to the motion. On October 21, 1970, Via filed his affidavit which added specificity to the allegations in his complaint. On December 14, 1970, Via filed a brief in opposition to the defendants' motion.

On February 5, 1971, Via submitted to the district court four very detailed interrogatories individualized as to each of the four defendants. These interrogatories presented questions as to the conduct of each of the defendants and as to both the June 13 and June 20 incidents. The defendants filed objections to the interrogatories and requested the district court to rule on their motion for judgment on the pleadings before being required to answer the submitted interrogatories.

Via filed a cross motion which asked the court not to rule on the defendants' motion until after the trial. Additionally, Via submitted a supporting affidavit, in which he stated that, because of his poverty and imprisonment, he could procure neither affidavits of persons who had personal knowledge of the facts essential to his case nor an official record of his state trial.

The district court granted summary judgment in favor of the defendants. The district court treated the motion for judgment on the pleadings as a motion for summary judgment pursuant to F.R. Civ.P. 12(b) & 56 because the court considered "matters outside the pleadings ([Via's] affidavit)."

## I. *A Cause of Action Under the Civil Rights Act*

The Civil Rights Act of 1871, 42 U.S.C. § 1983 (1971), states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The Act establishes two requisites for a § 1983 cause of action: (1) the conduct complained of must have subjected the complainant to a deprivation of rights, privileges, or immunities secured to him by the Constitution and laws of the United States, and (2) the conduct complained of must have been done or caused to have been done by some person acting under the color of law. Basista v. Weir, 340 F.2d 74, 79 (3d Cir. 1965).

### A. Possible Infringements of a Constitutional Right

The district court found that, even if all of Via's allegations as to June 13 and June 20 were true, these incidents did not constitute infringements of his constitutional right to counsel; "[a]t the most they indicate 'merely an attempt by [Via] to dictate when and where he should be permitted to confer with his counsel.'" Although the right to counsel does not give an accused the power to dictate to prison officials the "when and where" of the exercise of his right to counsel,[2] the authority of prison

2. Negrich v. Hohn, 379 F.2d 213, 215 (3d Cir. 1967).

officials to "regulate" the exercise of the right should not be employed to wrongfully interfere with the exercise of the right. The most critical time for the exercise of the right to counsel in criminal defense is the days immediately before and during the trial. At such times, the right to counsel takes on special importance, and the "regulation" of the right by prison officials should be more restrained.

On June 13, six days before the trial, Via's consultation with his counsel, after 50 minutes, was interrupted several times and then terminated by prison officials, even though they were informed that Via's trial for felony murder was at hand and that consultation between Via and his counsel was needed for preparation of Via's defense. Although this termination constituted an interference with Via's right to counsel, the determination of whether it was a wrongful interference which rises to the level of a constitutional infringement must await additional information. Substantial questions exist as to whether the reason this consultation was terminated was because the police had arrived at the prison to question Via and the prison officials did not want Via's counsel present at such questioning. The termination also would have been wrongful if there was no strong overriding necessity for the termination to maintain prison security and order. If Via can prove that the interference was either wrongfully motivated or without adequate justification and involved the defendant(s), he will have established an infringement of his constitutional right to counsel by the defendant(s).

On June 20, the second day of Via's trial, Via's counsel was denied admission to the prison preventing needed consultation with Via although Judge Wissler had ordered prison officials to permit counsel to visit Via at any time for any length of time. If Via can prove that this interference was either wrong-

fully motivated or without adequate justification and involved the defendant(s), he will have established an infringement of his constitutional right to counsel by the defendant(s).

Additionally, the district court granted summary judgment because "[Via] fails to set forth facts indicating how counsel's preparedness for trial was affected in any way." At the state trial, upon being informed on June 21 of the two incidents, the judge granted a recess for consultation between Via and his counsel. Via's counsel agreed that this recess was sufficient time for the needed consultation. However, Via is seeking damages for alleged infringements of his right to counsel; he is not requesting a reversal of his conviction. For recovery under § 1983, Via need only establish actual infringement(s) of his right to counsel by defendant(s) acting under color of law. There is no requirement that Via show that his "counsel's preparedness for trial was affected in any way." Therefore, Via can maintain this cause of action without alleging or proving prejudice to his defense at trial by the alleged actual infringements.[3]

### B. Persons Acting Under Color of Law

#### 1. *Lancaster County*

The summary judgment in favor of Lancaster County will be affirmed because Lancaster County is not a "person" subject to suit within the meaning of the Civil Rights Act. United States ex rel. Gittelmacker v. Philadelphia, 413 F.2d 84, 86 (3d Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970).

#### 2. *Warden Cliff*

The district court granted summary judgment in favor of Warden Cliff because "[Via] does not allege that Warden Cliff did anything either on June 13 or June 20." We reverse and hold that Via alleges sufficient facts which,

---

3. This opinion does not determine the measure of damages where the alleged in-fringements caused no prejudice in the defense of the criminal case.

if proven, could support a decision that Warden Cliff "caused [Via] to be subjected" to the incidents of June 13 and June 20, 1967.[4] Via alleges that, on June 13, in response to the request of Via's counsel to see Warden Cliff prior to their eviction, Deputy Warden Hutton told Via and his counsel that Warden Cliff was not interested in seeing them. If Via can prove that Warden Cliff ordered Deputy Warden Hutton to terminate the consultation between Via and his counsel and to evict counsel, or if he can prove that Warden Cliff directly knew of the pending eviction and took no action to prevent it, Via will have linked conduct of Warden Cliff to the June 13 incident. The same will be true as to the June 20 incident, if he can prove that the prison official was acting under the orders of Warden Cliff in refusing to admit counsel on that evening.

### 3. *Deputy Warden Hutton and Captain of the Guards Brighton*

■ a. The district court granted summary judgment in favor of these defendants concerning the June 13 incident. Although Via does allege that they were involved in the June 13 incident, the district court found that the incident did not constitute an infringement of Via's right to counsel. Since we have held above that the June 13 incident could constitute an actual infringement of Via's right to counsel, we reverse the district court's grant of summary judgment.

■ b. The district court granted summary judgment in favor of these defendants concerning the June 20 incident because Via "does not allege that either was involved in the June 20 incident . . . ." We reverse and hold that Via alleges sufficient facts which, if proven, could support a decision that these defendants "caused [Via] to be subjected" to the incident of June 20, 1967. Via alleges that Judge Wissler ordered Deputy Warden Hutton to permit Via's counsel to visit with Via at any time for any length of time. If Via can prove that either or both of these defendants, with knowledge of the court order, directed the prison official to bar counsel access to Via on June 20, Via will have linked conduct of Deputy Warden Hutton and/or Captain of the Guards Brighton to the June 20 incident.

### II. *Premature Disposition*

■ Although the district court found Via's allegations to be "general and conclusory," we find that his complaint and affidavit set forth substantial detail concerning the incidents. He states the place, the time, the parties involved, and the conduct which caused the incidents. His presentation can hardly be labeled "general and conclusory."

Additionally, Via submitted interrogatories concerning the June 13 and June 20 incidents. They present questions which are detailed and highly relevant and would have added specificity to his allegations. These interrogatories may have been the only means he had available to ascertain the information needed to add specificity to his allegations.

■ We do not suggest that a plaintiff in a Civil Rights Act cause of action is automatically entitled to answers to his interrogatories. But where, as here, a complaint, coupled with its supporting filed materials, raises on its face the probability that the alleged incidents occurred, the district court at least should permit the plaintiff to complete the interrogatory process. Through answers to Via's submitted interrogatories, Via possibly could have shown the link, if any, between the conduct of each of the defendants and each of the incidents. Therefore, the defendants should have been required to answer the interrogatories, particularly when the case was treated as one for summary judgment. The refusal to do so constituted a premature disposition of this case.

---

4. This opinion does not speak to whether or not Warden Cliff is vicariously liable under these circumstances.

### III. *Counsel*

We suggest that the district court, in the exercise of its discretion, may want to appoint counsel for Via so that an adequate record can be developed.

The judgment of the district court in favor of defendant Lancaster County, Pennsylvania will be affirmed. The judgment in favor of the other defendants will be vacated and the case remanded for proceedings consistent with this opinion.