Paul E. MEYER

v.

John E. LAVELLE, Individually and as
Judge of the Schuylkill County Court
of Common Pleas, et al.

Paul B. MEYER

v.

John E. LAVELLE, Individually and as
Judge of the Schuylkill County Court
of Common Pleas, et al.

Civ. A. Nos. 74–586, 74–1442.

United States District Court,
E. D. Pennsylvania.

Nov. 12, 1974.

Paul E. Meyer, pro se.

David H. Pittinsky, Philadelphia, Pa., for Lavelle.

F. Murray Bryan, Harrisburg, Pa., for Disney, Hulse and Hul-Mar, Inc.

OPINION

LUONGO, District Judge.

BACKGROUND

Paul E. Meyer, the *pro se* plaintiff in the above captioned actions, is a plumbing contractor. His default on a contract and subsequent litigation with his bonding company in the state court provide the backdrop for the two suits in this court.

Meyer's default occurred in late 1972. Wisconsin Surety Corporation, which had issued the bond for Meyer's performance, took over the contract and thereafter sued Meyer in the Court of Common Pleas of Schuylkill County[1] to

1. Wisconsin Surety Corporation v. Paul E. Meyer and Paul E. Meyer and Betty L. (Meyer) Lanzendorfer, C. P. Schuylkill County, No. S–226, May Term, 1973, in Assumpsit.

recover the amounts it was required to expend to cure Meyer's default. Meyer represented himself in that suit which was before Judge John E. Lavelle. Apparently not satisfied with the way things were going in the state court, Meyer, on March 12, 1974, instituted suit in this court (C.A. 74–586) charging violation of 42 U.S.C. § 1983.[2] He named as defendants Judge Lavelle; Wisconsin Surety Corporation; Wisconsin Surety's counsel, David B. Disney, Esquire, and its attorney in fact, Morton F. Hulse; and Hul-Mar, Inc., whose identity and role is not at all clear. The complaint charged that Meyer's civil rights had been violated by the fraternal bond which existed between Judge Lavelle and the attorneys "by reason of the American Bar Association"; that Judge Lavelle had discriminated against Meyer by refusing to grant his request for a continuance of the trial; had violated various of the Pennsylvania Rules of Civil Procedure; had written a letter to counsel without notifying Meyer; and had denied a request for a jury trial. Meyer sought from this court a writ of prohibition preventing Judge Lavelle and attorney Disney from participating any further in the case, and an order removing the case from the state court to this court.

The complaint was accompanied by a motion for a temporary restraining order, which was denied. On March 25, 1974, Meyer filed a motion for preliminary injunction. A hearing was scheduled for April 15, 1974. On April 11, 1974, defendants Disney, Hulse and Hul-Mar, Inc. filed a joint answer setting forth as one of the defenses that the complaint failed to state a claim against them upon which relief could be granted. Under date of April 9,

1974, Judge Lavelle wrote advising that he would not be present or be represented at the hearing, since to do so would put him in the position of a litigant and force his disqualification in the case which he had already attached for trial, commenced and had postponed to allow newly engaged counsel to prepare for trial.

At the hearing on the motion for preliminary injunction Meyer attempted to offer evidence far beyond the charges in the complaint. He was given the opportunity to file an amended complaint, which he did on April 29, 1974. Defendants Disney, Hulse and Hul-Mar, Inc. filed a joint answer to the amended complaint on May 14, 1974. Lavelle did not respond to the amended complaint. On May 28, 1974, at plaintiff's request, the clerk entered a default against Lavelle for failure to appear, plead or otherwise defend.

Meanwhile, back in Schuylkill County, on May 23, 1974, Judge Lavelle had directed the Court Administrator to have jurors assembled on May 28, 1974, to commence the trial of Wisconsin Surety Corporation v. Meyer. On June 3 the trial started and on June 4, 1974, the jury returned a verdict in favor of Wisconsin Surety against Paul E. Meyer for the sum of $77,358.55. Meyer filed neither post trial motions nor an appeal in the state courts from the judgment entered on the verdict. Instead, on June 11, Meyer filed in this court the second of the above captioned actions, this one against Judge Lavelle, Wisconsin Surety and Morton Hulse only. The second suit charged that the defendants violated Meyer's civil rights by proceeding with the Schuylkill County trial despite the fact that a default had been entered against Judge Lavelle

---

2. "§ 1983. Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

in C.A. 74–586, and by proceeding with the trial in Meyer's absence. Although this second suit is entitled "Equity," the relief sought by Meyer is an award of punitive damages in the amount of $77,-358.55 against Lavelle, Wisconsin Surety and Hulse.

## MOTIONS

I now have for disposition two motions filed on behalf of Judge Lavelle:

1. Motion under Rule 55(c) to Set Aside Default and Extend Time to Answer or Otherwise Plead in C.A. 74–586; and

2. Motion to Dismiss C.A. 74–1442 under Rule 12(b) for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted.

### Motion to Set Aside Default (C.A. 74–586)

■ Rule 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The motion to set aside a default is addressed to the court's discretion, with doubts resolved in favor of setting aside defaults and deciding cases on the merits. McGrady v. D'Andrea Electric, Inc., 434 F.2d 1000 (5th Cir. 1970); Elias v. Pitucci, 13 F.R.D. 13 (E.D.Pa.1952); Stuski v. United States Lines, 31 F.R.D. 188 (E.D.Pa. 1962); Alopari v. O'Leary, 154 F.Supp. 78 (E.D.Pa.1957); Phillips v. Flynn, 61 F.R.D. 574 (E.D.Pa.1974). And see Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3d Cir. 1951) (default judgment). To be entitled to relief, the defaulted party need only show that "(1) [he] had 'good cause' for his default, (2) has a meritorious defense and (3) moves to set aside a default within a reasonable time, . . . See generally 6 Moore's, Federal Practice ¶¶ 55.-

09, 55.10 [1]–[4] at 55–201 to 55–257 (2d ed. 1972)." Phillips v. Flynn, supra, 61 F.R.D. at 577.

■ Defendant Lavelle satisfies each of the requirements. He has shown "good cause" for his failure to appear in C.A. 74–586 because of the need to avoid assuming an adversarial role to Meyer while the Wisconsin Surety-Meyer litigation was pending before him. He has made a reasonable showing that he has a meritorious defense in that the state trial, which Meyer sought to enjoin, has now been completed and the action may be moot as to Lavelle. See North Carolina v. Rice, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971); Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969); United States v. Alaska S. S. Co., 253 U.S. 113, 40 S.Ct. 448, 64 L.Ed. 808 (1920); California v. San Pablo & Tulare R. R. Co., 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747 (1893). Finally, Lavelle has moved promptly. The default was entered May 28 and the motion to set it aside was filed July 18, approximately six weeks later, and only five weeks after the Wisconsin-Meyer trial had concluded. Lavelle's appearance through counsel and the motion to set aside the default was accomplished promptly upon the expiration of the time within which Meyer might have filed post trial motions or appealed.

The default will be set aside and Lavelle will be granted time within which to answer or otherwise plead to the complaint in C.A. 74–586.

### Motion to Dismiss (C.A. 74–1442)

Judge Lavelle's motion to dismiss in C.A. 74–1442 is based on the doctrine of judicial immunity. It is quite apparent, even with the most liberal interpretation of these *pro se* pleadings, that Meyer is complaining essentially of rulings and decisions made by Judge Lavelle in the course of conducting the pretrial and trial proceedings of a case before him. As the Supreme Court stated in Pierson

v. Ray, 386 U.S. 547, 553–554, 87 S.Ct. 1213, 1217–1218, 18 L.Ed.2d 288 (1967):

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly . . . . "

The justification for the rationale underlying the doctrine of judicial immunity, as set forth in *Pierson* at p. 554, 87 S.Ct. at p. 1218:

" 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' (Scott v. Stansfield, L.R. 3 Ex. 220, 223 (1868), quoted in Bradley v. Fisher, *supra,* [13 Wall.] 349, note, at 350.) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation."

 Judicial immunity protects those acting in a judicial capacity unless they do so in a clear absence of jurisdiction over the subject matter. Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1872). The case cited by Meyer, Ex Parte Virginia, 100 U.S. 339, 25 L.Ed. 676 (1879), is not to the contrary. It simply holds that judicial immunity does not extend to the ministerial function of filling a jury wheel. In the instant case, decisions made by Judge Lavelle in the pretrial and trial proceedings are of the very essence of the judicial process. See Schmidt v. Degen, 376 F.Supp. 664 (E.D.Pa.1974).

Judge Lavelle's motion to dismiss the action against him in C.A. 74–1442 on the ground of judicial immunity will be granted.