**Paul E. MEYER**

v.

**John E. LAVELLE, Individually and as Judge of the Schuylkill County Court of Common Pleas, et al.**

**Paul B. MEYER**

v.

**John E. LAVELLE, Individually and as Judge of the Schuylkill County Court of Common Pleas, et al.**

**Civ. A. Nos. 74–586, 74–1442.**

United States District Court,
E. D. Pennsylvania.

Feb. 18, 1975.

---

Paul E. Meyer, pro se.

David H. Pittinsky, Philadelphia, Pa., for Lavelle.

F. Murray Bryan, Harrisburg, Pa., for Disney, Hulse and Hul-Mar, Inc.

## OPINION

LUONGO, District Judge.

Before me are motions of various defendants to dismiss, and plaintiff's "Motion to Enforce," in Civil Actions Nos. 74–586 and 74–1442. A history of these cases is set forth in an earlier opinion, Meyer v. Lavelle, 64 F.R.D. 533 (E.D. Pa.1974), and therefore only a brief summary of the background of these cases will be recited.

Paul Meyer, the *pro se* plaintiff, is a plumbing contractor who defaulted on a contract in 1972. Wisconsin Surety Corporation (Wisconsin Surety), which had bonded Meyer's performance, completed the contract and then sued Meyer in the Court of Common Pleas of Schuylkill County.[1] Meyer represented himself in that suit before Judge John E. Lavelle of the Schuylkill County court.

Dissatisfied with the state court proceedings, Meyer instituted the first of the above actions (C.A. 74–586) on March 12, 1974, naming Judge Lavelle, Wisconsin Surety, Wisconsin's counsel, David B. Disney, Wisconsin's attorney in fact, Morton F. Hulse, and Hul-Mar, Inc., as defendants. In the complaint, and in an amended complaint filed April 29, 1974, Meyer charged violations of his civil rights under 42 U.S.C. § 1983 arising out of Judge Lavelle's conduct of the state court case, and sought a writ of prohibition to prevent defendants Lavelle and Disney from any further state

court participation and an order to remove the state case to the federal court.

While various motions were pending before this court, the case of Wisconsin Surety Corporation v. Meyer et al. was tried in the Common Pleas Court for Schuylkill County on June 3 and 4, 1974. A verdict was returned for Wisconsin Surety and against Meyer in the sum of $77,358.55. Meyer filed no post trial motions in the state court. Instead, on June 11, 1974, he filed the second of the above actions (C.A. 74–1442), also claiming violations under § 1983, naming as defendants Lavelle, Wisconsin Surety and Hulse. In the second suit Meyer sought punitive damages in the amount of $77,358.55 (the amount of the verdict against him in the state suit) against defendants for proceeding with the state court suit.

In the earlier opinion, I granted Lavelle's motion under Rule 55(c) to remove a default judgment entered against him in C.A. 74–586, and his motion under Rule 12(b) to dismiss the complaint against him in C.A. 74–1442. All defendants in C.A. 74–586, and all the remaining defendants (other than Lavelle) in C.A. 74–1442, have now moved for dismissal under Rule 12(b)(1) and 12(b)(6), F.R.Civ.P., contending that this court lacks jurisdiction over the subject matter of these suits and that Meyer has failed to state a claim upon which relief can be granted.

### *Motion to Dismiss Civil Action No. 74–586*

Under Article III, Section 2 of the Constitution, the federal courts of the United States have jurisdiction to hear and determine only "cases or controversies." The federal courts are "without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971), cited in De-Funis v. Odegaard, 416 U.S. 312, 316, 94

---

1. Wisconsin Surety Corporation v. Paul E. Meyer and Paul E. Meyer and Betty L.

(Meyer) Lanzendorfer, C.P. Schuylkill County, No. S–226, May Term 1973, in assumpsit.

S.Ct. 1704, 40 L.Ed.2d 164 (1974). Moot cases, those in which a decision by the court cannot affect the rights of the litigants, are not "cases or controversies" under Article III, DeFunis v. Odegaard, *supra;* Powell v. McCormack, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969); Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 11 L. Ed.2d 347 (1964), and federal courts lack jurisdiction to decide them. North Carolina v. Rice, *supra;* St. Pierre v. United States, 319 U.S. 41, 42, 63 S.Ct. 910, 87 L.Ed. 1199 (1943); United States v. Alaska S. S. Co., 253 U.S. 113, 116, 40 S.Ct. 448, 64 L.Ed. 808 (1920), quoting California v. San Pablo & Tulare R. R. Co., 149 U.S. 308, 314, 13 S. Ct. 876, 37 L.Ed. 747 (1893). Defendants contend that since a final judgment has been entered in the state court case, the relief requested by Meyer can no longer be granted and the case is moot.

When a question of federal jurisdiction, such as mootness, is raised by the parties, the court may inquire by affidavits or otherwise into the facts as they exist, Local 336, American Fed. of Musicians, AFL–CIO v. Bonatz, 475 F. 2d 433 (3d Cir. 1973); Tanzymore v. Bethlehem Steel Corporation, 457 F.2d 1320 (3d Cir. 1972), and a federal court may always take judicial notice of the law of any state of the Union "whether depending upon statutes or upon judicial opinions . . . ." Lamar v. Micou, 114 U.S. 218, 223, 5 S.Ct. 857, 859, 29 L.Ed. 94 (1885); cited in Parkway Baking Company v. Freihofer Baking Company, 255 F.2d 641, 646 (3d Cir. 1958). By affidavit of counsel, a certified copy of the docket entries in Wisconsin Surety Corporation v. Paul E. Meyer et al., Schuylkill County, No. S–226, May Term, 1973, has been submitted in support of the motion to dismiss. From the docket entries it appears that judgment on the jury verdict was entered on June 25, 1974. Under Pennsylvania law, Pa. Stat.Ann. tit. 17, § 211.502, 1970, July 31, P.L. 673, No. 223, art. V, § 502, appeal from any order must be taken within thirty days of entry. Since no appeal was filed in the state case, that judgment is final. Since the state court proceedings have terminated and final judgment has been entered, there is nothing left upon which either a writ of prohibition or a removal order could operate. No judgment rendered could affect the rights of the parties and this case is therefore moot. See Singer Manufacturing Company v. Wright, 141 U.S. 696, 12 S.Ct. 103, 35 L.Ed. 906 (1891). The motions of all defendants to dismiss C. A. 74–586 for mootness will be granted.

*Motion to Dismiss Civil*
*Action No. 74-1442*

Title 42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The Act prescribes two elements as requisite for a cause of action: (1) the conduct complained of must have been done or caused to have been done by a person acting under color of law; and (2) the conduct must have subjected the complainant to the deprivation of rights, privileges or immunities secured to him by the Constitution and laws of the United States. Basista v. Weir, 340 F. 2d 74, 79 (3d Cir. 1965); Via v. Cliff, 470 F.2d 271, 274 (3d Cir. 1972); Howell v. Cataldi, 464 F.2d 272, 279 (3d Cir. 1972). As noted above, the complaint against Judge Lavelle in this suit for damages has already been dismissed. The remaining defendants, Wisconsin Surety and Morton Hulse, contend that they have not acted under color of law and therefore the first requisite of any § 1983 action has not been met.

Both Wisconsin Surety and Hulse, its attorney in fact, are private

parties. But a person need not be a state officer to be held to have acted under color of state law. "It is enough that he is a wilful participant in joint activity with the State or its agents." United States v. Price, 383 U.S. 787, 794, n. 7, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966).

■■■ In his complaint, Meyer alleged that Wisconsin Surety and Hulse were "knowingly accepting the fraudulent benefits of Judge Lavelle's reprehensible conduct." Assuming that, with the liberal interpretation required to be given to *pro se* complaints (Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)), this charges wilful participation by these defendants in joint activity with a state officer depriving Meyer of his civil rights, the § 1983 claim must still fall. Defendant Lavelle was earlier dismissed from C.A. 74–1442 on grounds of judicial immunity. 64 F.R.D. at 535–536 (E.D.Pa.1974), citing Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Schmidt v. Degen, 376 F.Supp. 664 (E.D.Pa. 1974). "A private person cannot be held liable under Title 42 U.S.C. § 1983 unless his wrongful action was done under color of state law or state authority. Further, a private person alleged to have conspired with a state judge and prosecuting attorney who are entitled to immunity, cannot be held liable, since he is not conspiring with persons acting under color of law 'against whom [plaintiff] could state a valid claim' under 42 U.S.C. § 1983. Haldane v. Chagnon, 345 F.2d 601, 604 (9th CCA 1965)." Guedry v. Ford, 431 F.2d 660, 664 (5th Cir. 1970), reh. denied October 5, 1970. Under this rule neither Wisconsin Surety nor Hulse may be held liable for conspiring with the state judge who is immune from suit. Meyer has therefore failed to state a claim under § 1983 for which relief can be granted. See also Sykes v. State of Calif. (Dept. of Motor Vehicles), 497 F.2d 197, 200 n. 2 (9th Cir. 1974); Hill v. McClellan, 490 F.2d 859, 860 (5th Cir. 1974).

The motion of defendants, Wisconsin Surety and Hulse, to dismiss C.A. 74–1442 for failure to state a claim will be granted.

*Plaintiff's "Motion to Enforce" in Civil Actions Nos 74–586 and 74–1442*

■■■ While the legal and procedural bases for Meyer's "Motion to Enforce" are obscure, he apparently contends that the state court verdict returned against him was improper or excessive because cost data, inflated in violation of the Economic Stabilization Act Amendments of 1971,[2] was submitted to the jury. If there is any validity to that contention, it could, and should, have been raised in the state court proceedings. In effect, Meyer now seeks collateral review of the state proceedings. The Civil Rights Acts were not designed to substitute for the right of appeal or to attack final judgments of a state court and relitigate issues which could have been decided in the state proceedings. Roy v. Jones, 484 F.2d 96, 98 (3d Cir. 1973); see also Mertes v. Mertes, 350 F.Supp. 472 (D.Del.1972) (three-judge court); aff'd 411 U.S. 961, 93 S.Ct. 2141, 36 L.Ed.2d 681 (1973); County of Lancaster v. Philadelphia Electric Company, 386 F.Supp. 934 (E.D. Pa.1975).

Plaintiff's "Motion to Enforce" will be denied.

---

2. Economic Stabilization Act of 1970, Pub.L. No. 91–379, 84 Stat. 799, as amended, Economic Stabilization Act Amendments of 1971, Pub.L. No. 92–210, 85 Stat. 743, December 22, 1971.