Helen FREUDE

v.

BELL TELEPHONE COMPANY OF
PENNSYLVANIA.

Civ. A. No. 75–2910.

United States District Court,
E. D. Pennsylvania.

July 26, 1977.

Ann Kane Seidman, Public Interest Law
Center of Philadelphia, Philadelphia, Pa.,
for plaintiff.

Hubert Thurschwell, Law Dept., Bell Tel-
ephone Co. of Pa., Philadelphia, Pa., for
defendant.

## MEMORANDUM AND ORDER

EDWARD R. BECKER, District Judge.

This is a Title VII employment discrimi-
nation case [1] brought by a former "manage-
rial" employee of Bell of Pennsylvania who
retired due to illness February 11, 1974,
after more than thirty years' service.
Plaintiff, a female, claims that her pension
checks are discriminatorily small, although
the pension plan is fair and sex-neutral on
its face, because the pension benefit is de-
termined by a formula based on her five
highest years' salaries. These salaries, she
claims were sex discriminatory. Plaintiff's
claim was filed .with the EEOC on March
12, 1975, some thirteen months after her
retirement. Bell moves to dismiss on two

---

1. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

grounds: (1) the claim is untimely because plaintiff filed with the EEOC more than 180 days after the occurrence of a discriminatory act; and (2) the claim is barred because the EEOC failed to give Bell notice of the charge.[2]

■ We address Bell's second contention first because it may quickly be disposed of. No case holds that the EEOC's failure to give the notice required by 42 U.S.C. § 2000e–5(e) bars a later private suit, nor is there any reason why it should. Thus we refuse to dismiss the complaint[3] as "jurisdictionally defective" because Bell was not served with notice of the charge. We turn then to Bell's primary contention.

■ It is a jurisdictional prerequisite to a Title VII lawsuit, see *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), that plaintiff must have filed a timely charge of discrimination with the EEOC within 180 days after the occurrence of the discriminatory act. 42 U.S.C. § 2000e–5(e). Plaintiff concedes that her charge was filed *more than* 180 days after the occurrence of her last (allegedly) discriminatory paycheck, which is the last relevant discriminatory event during her employment. However, she asserts that her claim is not time-barred because of the existence of "continuing discrimination," *i. e.* that continuing payments of *pension* in an amount derived from a sex-discriminatory salary scale is itself a discriminatory act.

■ After hearing oral argument and receiving supplemental briefs, we reserved judgment as to this contention because we became aware that the Supreme Court had granted certiorari in *Evans v. United Airlines Inc.*, 534 F.2d 1247 (7th Cir. 1976). *Evans* had accorded vitality to the plaintiff's continuing discrimination claim by holding: (1) that a female flight attendant who had been rehired after being forced to resign in 1968 pursuant to a discriminatory airline rule,[4] but whose seniority was not restored pursuant to a facially neutral airline rule calculating seniority on the basis of continuous service, continued to suffer effects of past discrimination; and (2) that her failure to file a complaint with Equal Employment Opportunity Commission within ninety days[5] after the discriminatory discharge did not bar her action. The court thus held that a facially neutral seniority system is a continuing violation of Title VII if it prolongs the effect of the plaintiff's original discriminatory discharge.

The Supreme Court has now decided *Evans*, and has reversed, *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 destroying plaintiff's continuing violation argument. The Supreme Court held that United did not commit a present, continuing violation of Title VII by refusing to credit respondent, after rehiring her in 1972, with pre-1972 seniority, absent any allegation that United's seniority system, which is neutral in its operation, discriminates against former female employees or victims of past discrimination.[6] In language critical here, Justice Stevens wrote:

> Respondent is correct in pointing out that the seniority system give present effect to a past act of discrimination.

**2.** Bell also moves for partial summary judgment with respect to those claims of plaintiff for back pay extending more than two years before the filing date of her claim with the EEOC. Section 706(g) of the Title VII bars back pay liability accruing from a date more than two years prior to the filing of a charge with the Commission. However, in view of our disposition of the matter we need not formally address this aspect of Bell's motion.

**3.** We neglected heretofore to grant plaintiff's motion for leave to file a second amended complaint (which does not affect matters addressed herein). By accompanying Order we grant plaintiff leave to file a second amended complaint and the second amended complaint is treated as filed. Concomitantly, Bell's motion is treated as addressed thereto.

**4.** The rule compelled a stewardess to resign if she married.

**5.** The filing period was extended from 90 to 180 days by the 1972 amendments to Title VII.

**6.** As noted above, Mrs. Freude does not contend that Bell's *pension* system is other than facially fair and sex neutral.

But United was entitled to treat that past act as lawful after respondent failed to file a charge of discrimination within the 90 days then allowed by § 706(d). A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences.

431 U.S. 558, 97 S.Ct. 1889.[7] The same principles apply here, leading us to conclude that the receipt by plaintiff of payments received pursuant to a fair and sex neutral pension plan do not constitute a continuing violation tolling the statute even though the amount of pension payments is derived from a sex discriminatory salary scale. The latter fact, which was not made the basis of a timely charge is, however regrettably, "an unfortunate event in history which has no present legal consequences."

Plaintiff has sought to distinguish *Evans* on the ground that it is a seniority case whereas this is a pension case. We find the distinction inconsequential in view of the just quoted language. The Court's discussion of § 703(h) of Title VII, which provides that it shall not be an unlawful employment practice to apply different terms of employment pursuant to a bona fide seniority system if any disparity is not the result of intentional discrimination, is discrete and independent from the above stated ground of the *Evans* decision.[8] In view of Justice Stevens overriding language, it is plain that the basic holding of *Evans* is that a current nondiscriminatory policy will not revive a time-barred act of discrimination even though such policy gives present effect to the past act of discrimination. That holding is not based on the protection afforded a bona fide seniority system by § 703(h) and it applies directly to the instant case. Plaintiff's claim must be dismissed. An appropriate order follows.[9]

---

7. Also to the point, Justice Stevens added:

   Respondent emphasizes the fact that she has alleged a *continuing* violation. United's seniority system does indeed have a continuing impact on her pay and fringe benefits. But the emphasis should not be placed on mere continuity; the critical question is whether any present *violation* exists. She has not alleged that the system discriminates against former female employees or that it treats former employees who were discharged for a discriminatory reason any differently than former employees who resigned or were discharged for a nondiscriminatory reason. In short, the system is neutral in its operation. [Footnote omitted.]

8. The Court also held that § 703(h) barred respondent's claim, absent any attack on the bona fides of United's seniority system or of any charge that the system was intentionally designed to discriminate because of race, color, religion, sex, or national origin.

9. Plaintiff has also asserted that psychiatric problems which she developed as the result of defendant's discriminatory conduct were severe enough to toll the statute of limitations. She has, however, offered nothing of substance to support that contention beyond her mere allegation, hence the tolling claim cannot and does not alter the result.