Daniel O. ALSTON

v.

**ALLEGHENY LUDLUM STEEL CORPO-
RATION, DIVISION OF ALLEGHENY
LUDLUM INDUSTRIES, INC.**

Civ. A. No. 78–94.

United States District Court,
W. D. Pennsylvania.

May 2, 1978.

Samuel J. Goldstein, Pittsburgh, Pa., for plaintiff.

R. A. King, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, Senior District Judge.

The matter here before me is on a motion of the defendant, Allegheny Ludlum Steel Corporation, Division of Allegheny Ludlum Industries, Inc., to dismiss the complaint filed by a former employee, Daniel O. Alston.

The complaint was filed on January 30, 1978, and avers that the plaintiff is a black man; that he entered the employment of the defendant on December 28, 1928; that his employment continued until his retirement on April 4, 1969, during which time his employment had been interrupted by a leave of absence to serve in the United States Army from 1943 to 1945, and an additional leave of absence to secure a degree from Bluefield State College in 1947 to 1950, from which college he graduated with honor and a Bachelor of Science degree in commercial education; that he holds a Masters degree from the University of Pittsburgh; that prior to his induction into the army, he had been doing general labor work under the jurisdiction of a contract between the defendant and the United Steelworkers

of America after 1936; that being employed as a laborer, and upon his return from military service on July 12, 1945, he was employed as an electrical grinder operator until 1947, when he obtained a leave to attend Bluefield State College; that he returned to his employment under the defendant in 1950 and successfully bid for the job of craneman; that during the years 1963 to 1966, he was partially unemployed by reason of eye surgery and upon his return was directed to do general labor because of his impaired vision and because of leg wounds incurred in the United States Armed Service; that upon his return from college he had made innumerable applications for supervisor or foreman, but his applications were ignored or rejected because of racial discrimination, although he was well qualified because of experience, training and ability to handle the work, and although many promotions were made in preference to caucasians who were less competent or experienced; that in 1963 to 1969 janitor maintenance was the only employment available to him until he retired in 1969; that after applying for aid through the Union Grievance procedure, he was advised that he had no remedy; that the defendant throughout his tenure of employment informed the plaintiff it would give him an opportunity for advancement while at the same time indicated it would be necessary for him to take a battery of tests; that the plaintiff refused to take the tests because they were not generally given to applicants for promotion, and such tests were specifically created, if at all, as "being illusory and discriminatory"; that the plaintiff secured employment with the Pittsburgh Board of Education and retired from that employment in 1976; that after May 30, 1950 until until his retirement, he had been competent and qualified to be promoted to foreman or supervisor with an increase in salary but his efforts for promotion were ignored as a discriminatory practice on account of his color; that had he been advanced in accordance with his capabilities and had he received the available promotions, his pension would have been based on his salary and would have been much larger upon his retirement; that as a result he lost a considerable sum of money based upon loss of salary in promotions to which he was entitled; that he is entitled to treble damages as a result thereof and an increase in pension such as he would have received or additional compensations, punitive damages, counsel fees, costs and expenses; and that this court has jurisdiction of the matter under 42 U.S.C. § 2000e–2 of Title VII of the Equal Opportunity statute and under the Civil Rights Act, 42 U.S.C. § 1981 and § 1983.

The defendant moves to dismiss, arguing that the complaint fails to state a claim upon which relief can be granted: (1) under 42 U.S.C. § 1983, because it fails to allege action under color of state law or state authority; (2) under Article 1, § 28 of the Pennsylvania Constitution, because it fails to support a cause of action based on sex discrimination; (3) under 42 U.S.C. § 1981 because it is barred by the applicable Statute of Limitations, and additionally because it fails to allege racial motivation and fails to specifically plead facts from which a court may infer discrimination; and (4) under 42 U.S.C. § 2000e–1, because timely charges were not filed with the EEOC, a jurisdictional prerequisite to a Title VII action. The defendant also attacks an Amended Complaint which seeks as an additional remedy a class action.

The principal issue to which oral argument and briefs for both the plaintiff and defendant primarily addressed themselves, is the timeliness of the assertion of claims under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e, et seq. Basically the plaintiff claims two different forms of discrimination in regard to his employment with Allegheny Ludlum. First, the operation (from 1950 to 1969) of a racially discriminatory promotion system; and second, the operation of the defendant's pension system under which the plaintiff currently receives monthly benefits.

■ Section 1981[1] has been recognized in this Circuit as creating a cause of action for alleged employment discrimination. *Young v. Intern'l. Telephone & Telegraph Co.*, 438 F.2d 757, C.A. 3, 1971. Since this statute provides no period of limitations, it is necessary to refer to the appropriate period stated in a statute of local application. *Macklin v. Spector Freight Systems, Inc.*, 156 U.S.App.D.C. 69, at page 84, 478 F.2d 979, C.A.D.C., 1973, at page 994. Such a cause of action must be brought at least within six years from the date on which such cause accrued. *Meyers v. Pennpack Woods Home Ownership Assn.*, 559 F.2d 894, C.A. 3, 1977.

■ Similarly, under the terms of 42 U.S.C. § 2000e et seq.,[2] a plaintiff may not bring suit in a district court unless a charge has been filed with the Equal Employment Opportunity Commission within 180 days of the occurrence of the alleged unfair practice. The timely filing of charges with the EEOC and the timely filing of suit thereafter are "jurisdiction" facts. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, C.A. 3, 1975, cert. den., 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). Any failure to comply with 42 U.S.C. § 2000e–5(e) deprives a district court of subject matter jurisdiction. *DeGideo v. Sperry-Univac Company*, 415 F.Supp. 227 (E.D.Pa.1976). See also, *Kutska v. California State College Department*, 410 F.Supp. 48, 49–50, n.1 (W.D.Pa.1976), aff'd, 549 F.2d 795, C.A. 3, 1977; *Macklin, supra*, 156 U.S.App.D.C. at page 76, 478 F.2d at page 986.

This is settled law and the plaintiff does not challenge it, only its application to the facts at hand.

■ In regard to the refusal to promote the plaintiff, I find the last date on which the plaintiff could have been illegally refused promotion and discriminated against was on the last day of his employment with the defendant corporation on August 4, 1969. Since the plaintiff failed to institute any action within the six-year statute of limitations (on or before August 4, 1975), and also failed to make this the basis of a timely charge with the EEOC within 180 days of his retirement date, this claim of the plaintiff is barred and must be dismissed.

The plaintiff's second claim alleges that the operation of the defendant's pension system constitutes a continuing violation of both § 1981 and § 2000e et seq. (Title VII) in that the plaintiff is not receiving as much as he would have received if he had not been allegedly discriminated against in promotion, and therefore, that each monthly benefit the plaintiff does receive is the present effect of prior acts of discrimination.

A recent case, *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977) deals with an issue similar to that here being considered. Evans was employed by United as a flight attendant from November, 1966 to February 1968 at which time she married and was forced to resign because United maintained a policy of refusing to allow its female flight attendants to be married (which policy was subsequently found to be in violation of Title VII of the Civil Rights Act of 1964). Evans was rehired in February 1972 and in 1973 filed charges with the EEOC claiming that United had committed an unlawful employment practice by refusing to credit her with seniority for any period prior to February, 1972. No charge had been filed

1. 42 U.S.C. § 1981 provides that: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

2. 42 U.S.C. § 2000e–5(d) provides in part: "A charge under subsection (a) shall be filed within ninety days after the alleged unlawful employment practice occurred . . ." 78 Stat. 260. The 1972 amendments to Title VII redesignated subsection (d) as (e). At the same time it was amended to enlarge the limitations period to 180 days. 42 U.S.C. § 2000e–5(e).

with the EEOC within the appropriate time period after the plaintiff was forced to resign in 1968.

The sole question for decision by the Supreme Court was whether United had committed a second violation of Title VII by refusing to credit her with seniority for any period prior to February, 1972. Evans argued, inter alia, that United's seniority system illegally discriminated against her in that it gave present effect to the past illegal act and therefore perpetuated the consequences of forbidden discrimination.

The majority of seven, through Justice Stevens, agreed with the appellant that the seniority system gave present effect to a past act of discrimination, but held that such a discriminating act must have been based on a timely charge before the Court could have adjudicated the question of remedy. The Court noted:

"A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequences." 431 U.S. at page 558, 97 S.Ct. at page 1889.

The Court continued:

"Respondent emphasizes the fact that she has alleged *continuing* violation. United's seniority system does indeed have a continuing impact on her pay and fringe benefits. But the emphasis should not be placed on mere continuity the critical question is whether any present *violation* exists. She has not alleged that the system discriminates against former female employees or that it treats former employees who were discharged for a discriminatory reason any differently than former employees who resigned or were discharged for a non-discriminatory reason. In short, the system is neutral in its operation." 431 U.S. at page 558, 97 S.Ct. at page 1889.

■ The plaintiff, Alston, makes no allegations that the pension system discriminates against blacks, or that it treats the plaintiff any differently than whites who were in the same position as the plaintiff on retirement. In fact, the plaintiff does not seek a modification or elimination of the existing pension system, but rather an increase in pension based on such additional compensation as he would have received had the defendant not discriminated in its hiring practice. However, it is evident that the pension system under which the plaintiff retired is neutral in operation just as was the seniority system in *Evans, supra.* In light of *Evans*, the plaintiff thus cannot use these pension benefits as a basis for a present unlawful employment practice.

"[A] challenge to a neutral system may not be predicated in the mere fact that a past event which has no present legal significance has affected the calculation of seniority credit, even if the past event might at one time have justified a valid claim against the employer." 431 U.S. at page 560, 97 S.Ct. at page 1890.

■ Since the plaintiff had not challenged the alleged unlawful act or practice itself, he cannot now challenge any of its derivative effects. Upon retirement, the plaintiff was treated like any other pensioner by the defendant (regardless of the merits of its promotion system), and such conduct is not in violation of either § 1981 or § 2000e et seq. Therefore, its continued adherence to that policy is not illegal.

The plaintiff attempts to distinguish *Cates v. Trans World Airlines,* 561 F.2d 1064, C.A. 2, 1977 from the case at bar. In *Cates* the appellants contended that a facially neutral date-of-hire seniority system violated Title VII insofar as it adversely affected victims of past discrimination. However, that Court noted the separateness of the issues of "violation" and of "remedy".

"It is plain in the light of *Evans* and *Franks,* [*Franks v. Bowman Transportation Co.,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444] that the Title VII claims of *Cates,* George & Whithead were not time-

ly asserted. Those decisions sharply distinguish the issues whether there has been a violation of Title VII and what the appropriate remedy is for such a violation; while earlier lower court decisions tended to mix the two questions together. Unless there is a timely charge which is proven to be a violation of Title VII, the question of remedy is never reached." 561 F.2d at 1072.

and also,

"What was characterized as a second independent violation of Title VII, the seniority claim, was nothing more than the residual effect of a prior discriminatory refusal to hire, which could have been remedied had that past unlawful employment practice been timely asserted and proven." 561 F.2d at page 1072.

■ The plaintiff also states that the applicability of a limitation statute under § 1981 was merely a matter of judicial convenience and that it could be inferred that Congress intended that there was no statute of limitations in cases brought under this statute. The answer is that

"The court in *Evans* also expressed its concern that any other result would prevent a claim from ever being barred by limitations . . . Similarly, were we to accept plaintiff's argument in this case, almost any time-barred discrimination in promotion could be raised by alleging that 'but for' that discrimination one would not be able to apply for positions for which one does not now have the experience qualification . . . To allow this charge to make timely all old incidents of discrimination is to defeat totally the concept of limitations." *Myles v. Schlesinger,* 436 F.Supp. 8 (D.C.1976) at page 15.

Any distinction between a challenged seniority system and a pension system (under the continuing violation theory) was found inconsequential in *Freude v. Bell Telephone Co. of Pa.,* 438 F.Supp. 1059 (E.D.Pa.1977). In that case, a retired employee brought suit under Title VII for alleged sex discrimination and asserted that continuing payments of pension benefits in an amount derived from an alleged sex discriminatory salary scale (attained during her employment) constituted discrimination which permitted her to file charges and bring suit after the applicable period of limitations had expired from the date of her retirement. The plaintiff conceded that her charge with the EEOC was not filed until thirteen months after her retirement.

In dismissing the plaintiff's argument, the Court held that:

"The receipt by the plaintiff of payments received pursuant to a fair and sex neutral pension plan do not constitute a continuing violation tolling the statute even though the amount of pension payments is derived from a sex discriminatory salary scale. The latter fact, which was not made the basis of a timely charge, is, however regrettably 'an unfortunate event in history which has no present legal consequences.'" *Freude, supra,* at page 1061.

Under both *Evans, supra* and *Freude, supra,* the plaintiff does not charge a present violation under either § 1981 or Title VII. Since this court has no jurisdiction over time barred claims, I need not examine any other of the defendant's grounds to dismiss.

■ In order for a plaintiff to succeed under 42 U.S.C. § 1983 [3] two elements must be present: (1) the conduct complained of must have been done or caused to have been done by a person acting under color of law; and (2) the conduct must have subjected the complainant to the deprivation of rights, privileges or immunities secured to him by the Constitution and laws of the

---

**3.** 42 U.S.C. § 1983 provides that:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

United States. *Via v. Cliff*, 470 F.2d 271, 274, C.A. 3, 1972; *Meyer v. Lavelle*, 389 F.Supp. 972, 975 (E.D.Pa.1975). Ordinarily, a private person or corporation cannot be held liable under 42 U.S.C. § 1983 unless his or its wrongful action was done under color of state law or state authority. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). Since the complaint fails to allege action under color of state law or state authority, the plaintiff's claim under 42 U.S.C. § 1983 must be dismissed.

Finally, the plaintiff, a black male, has failed to allege any facts to support a cause of action based on sex discrimination. In Article 1, § 28 of the Pennsylvania Constitution, it is provided that: "Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual."

No allegation is made that females were promoted to positions for which the plaintiff was qualified. On the contrary the plaintiff solely alleges discrimination based on race. Therefore, the plaintiff's claim under Article 1, § 28 of the Pennsylvania Constitution, will also be denied.