Oitzelle EPPS et al.,
Plaintiffs-Appellants,

v.

Cecil ANDRUS et al.,
Defendants-Appellees.

No. 79–1119.

United States Court of Appeals,
First Circuit.

Argued Sept. 11, 1979.

Decided Dec. 19, 1979.

---

Robert C. Hahn, Boston, Mass., with whom Hahn & Matkov, Boston, Mass., was on brief, for plaintiffs-appellants.

Allan van Gestel, Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Leah S. Crothers, Asst. Atty. Gen., Paul F. McDonough, Jr., Tobin N. Harvey, and Goodwin, Procter & Hoar, Boston, Mass., were on brief, for defendants-appellees Julia Bird, John E. Fenton, Jr., Sherman and Harriet Hoar, Jane T. Knight, Robert B. and Ruth N. Marshall, William I. Randall, David C. and Elizabeth M. Seager, Sheriff's Meadow Foundation, Inc., Marilyn M. Sullivan, and Diana B. Vauclain.

Leonard E. Perry, New Bedford, Mass., with whom Perry, Hicks & McCawley, New Bedford, Mass., was on brief, for defendants-appellees William W. Pinney, Olive Child Tilghman, and Henry A. Tilghman.

Jacques B. Gelin, Atty., Dept. of Justice, Washington, D. C., with whom James W. Moorman, Asst. Atty. Gen., Washington, D. C., Edward F. Harrington, U. S. Atty., Carolyn Grace, Asst. U. S. Atty., Boston, Mass., Edward J. Shawaker and James E. Brookshire, Attys., Dept. of Justice, Washington, D. C., were on brief, for the Federal defendants-appellees.

Before COFFIN, Chief Judge, KUNZIG, Judge,* U.S. Court of Claims, BOWNES, Circuit Judge.

PER CURIAM.

Plaintiffs appeal from a judgment of the district court dismissing their complaint. The critical issue is whether plaintiffs have stated a claim for relief under the Indian Non-Intercourse and Trade Act, now codified at 25 U.S.C. § 177 (1976). We affirm the decision of the district judge. Since plaintiffs are not making a tribal claim, they are not covered by 25 U.S.C. § 177 (1976).

The Chappaquiddick Indians held aboriginal title to Chappaquiddick Island. White settlers began occupying the Island also, beginning in 1642. Conflict increased between the white settlers and Indians, and in 1788 the Massachusetts legislature divided Chappaquiddick Island, giving approximately one-fifth of the Island to the Indians. At that time, the Massachusetts legislature granted two reservations to the Chappaquiddicks and their descendants. The Indians were to hold the reservations as tenants-in-common but restrictions were placed on alienation and partition.

The next year, 1789, the United States was formed and Massachusetts' sovereignty over the Indian lands ended. *See, Oneida Indian Nation of New York v. County of Oneida,* 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974); *Oneida Indian Nation of New York v. County of Oneida,* 434 F.Supp. 527 (N.D.N.Y.1977). In 1790, Congress passed the first version of the Indian Non-Intercourse Act, Act of July 22, 1790, c. 33, § 4, 1 Stat. 137, 138, which provided:

> [N]o sale of lands made by any Indians, or any nation or tribe of Indians within the United States, shall be valid, . . . unless the same shall be made and duly executed at some public treaty held under the authority of the United States.

Plaintiffs claim that the enactment of this provision essentially superimposed a spendthrift trust on the Chappaquiddick reservations in favor of the Indians.

* Sitting by designation.

Congress amended the Non-Intercourse Act in 1834 and deleted the prohibition against individual Indians alienating their property. Act of June 30, 1834, c. 161, § 12, 4 Stat. 730, now codified at 25 U.S.C. § 177 (1976). *See Jones v. Meehan*, 175 U.S. 1, 13, 20 S.Ct. 1, 44 L.Ed. 49 (1899). The pertinent portion of the Act, as amended in 1834, now reads:

No purchase, grant, lease or other conveyance of lands, or of any title or claim thereto, from any Indian *nation or tribe* of Indians, shall be of any validity in law or equity, unless the same be made by treaty or convention entered into pursuant to the Constitution (emphasis added).

25 U.S.C. § 177 (1976).

The reservation was purportedly divided among the 17 Chappaquiddick families in 1828 and 1851. Then, in 1869, Massachusetts passed an act which relieved Indians of their legal disabilities and purported to authorize partition and alienation of the Chappaquiddick Indian lands. 1869 Mass. Acts, chpt. 463. *See, Mashpee Tribe v. Town of Mashpee*, 477 F.Supp. 940 (D.Mass. 1978). Subsequently, plaintiffs' ancestors did alienate their various shares of the Chappaquiddick lands. Plaintiffs allege that these transfers by their ancestors violated the amended Non-Intercourse Act protecting Indian tribes and nations. If so, the transfers of land would be void, *see, Joint Tribal Council of Passamaquoddy Tribe v. Morton*, 528 F.2d 370 (1st Cir. 1975); *Oneida Indian Nation of New York v. County of Oneida*, 434 F.Supp. 527 (N.D. N.Y.1977), and the United States might owe plaintiffs for a breach of trust. *Cf., United States v. Oneida Nation of New York*, 201 Ct.Cl. 546, 477 F.2d 939 (1973).

Plaintiffs' claims run aground, however, on the requirement of the Non-Intercourse Act as interpreted by the courts that plaintiffs constitute an existing tribe of Indians protected by the Act. 25 U.S.C. § 177 (1976). In order to make out a *prima facie* case based on a violation of section 177,

[P]laintiff must show that:

1) *it is or represents an Indian "tribe" within the meaning of the Act;*

2) the parcels of land at issue herein are covered by the Act as tribal land;

3) the United States has never consented to the alienation of the tribal land;

4) the trust relationship between the United States and the tribe, which is established by coverage of the Act, has never been terminated or abandoned.

*Oneida Indian Nation of New York v. County of Oneida*, 434 F.Supp. 527 (N.D.N.Y.1977) (quoting *Mashpee Tribe v. New Seabury Corp.*, 427 F.Supp. 899, 902 (D.Mass.1977)), *aff'd*, 592 F.2d 575 (1st Cir. 1979); *Narragansett Tribe of Indians v. Southern R.I. Land Develop.*, 418 F.Supp. 798 (D.R.I.1976).

Despite our explicit statement in *Mashpee Tribe* that the Non-Intercourse Act only covers suits by Indian tribes or nations, 592 F.2d at 581, plaintiffs here brought suit as individual heirs or descendants of one Chappaquiddick family.[1] Nowhere in their complaint do plaintiffs assert that they represent any Indian tribe or nation, or that a Chappaquiddick tribe now exists. Although plaintiffs filed an amended complaint, they did not assert a tribal status claim, and plaintiffs' counsel conceded at oral argument, the amended complaint only adds a class action for other individual heirs and successors of the tribe.[2]

---

1. Moreover, plaintiffs' argument is internally inconsistent. On the one hand, plaintiffs' claims are for specific parcels of land given to their ancestors when Massachusetts partitioned the land. Yet, on the other hand, plaintiffs allege that the land they claim was never lawfully partitioned by Massachusetts due to federal supremacy. U.S.Const. Art. I, § 8, cl. 2; Art. VI, cl. 2.

2. We find the lack of a tribal claim to be dispositive in determining whether the district

judge erred in denying appellants' motion to file an amended complaint. Although appellants sought to add various claims arising under the Constitution, these claims derive from the asserted breach of trust by the United States which in turn depends on the trust relationship established by the provisions of 25 U.S.C. § 177. The district judge stated that "[t]he proposed amended complaint is based on a theory of perpetual trust which I have previously rejected." It is not an abuse of discretion

As the courts have stated repeatedly, claims on the part of individual Indians or their representatives are not cognizable in federal courts under the Indian Trade and Non-Intercourse Act. 25 U.S.C. § 177 (1976); *Mashpee Tribe v. New Seabury Corp.*, 592 F.2d 575 (1st Cir. 1979), *aff'g* 427 F.Supp. 899 (D.Mass.1977); *Joint Tribal Council of the Passamaquoddy Tribe v. Morton*, 528 F.2d 370 (1st Cir. 1975); *Oneida Indian Nation of New York v. County of Oneida*, 434 F.Supp. 527 (N.D.N.Y.1977); *Narragansett Tribe of Indians v. Southern R.I. Land Develop.*, 418 F.Supp. 798 (D.R.I. 1976). In short, since plaintiffs are not suing as a tribe, they do not have standing to bring this claim; and, because plaintiffs failed to allege tribal status when these conveyances of property were made, they have failed to state a claim upon which relief can be afforded under the Non-Intercourse Act. *Mashpee Tribe v. New Seabury Corp.*, 592 F.2d at 579.

Accordingly, upon consideration of the parties' submissions and oral argument, the judgment of the district court dismissing the complaint is AFFIRMED.

for a district judge to deny amendment of a complaint when such amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).