**MASHPEE TRIBE, et al., Plaintiffs, Appellants,**

v.

**James G. WATT, et al., Defendants, Appellees.**

**No. 82–1562.**

United States Court of Appeals, First Circuit.

Argued March 7, 1983.

Decided May 23, 1983.

Robert C. Hahn, Boston, Mass., with whom William A. Hahn, and Hahn & Matkov, Boston, Mass., were on brief, for plaintiffs, appellants.

James D. St. Clair, P.C., Boston, Mass., with whom William F. Lee, David H. Erichsen, Donald R. Frederico, Hale & Dorr, and Morris Kirsner, Boston, Mass., were on brief, for defendant, appellee Town of Mashpee.

Thomas R. Kiley, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Boston, Mass., Paul R. Matthews, Asst. Atty. Gen., Canton, Mass., were on brief, for defendant, appellee Commonwealth of Massachusetts.

Before BOWNES and BREYER, Circuit Judges, and CAFFREY,* District Judge.

PER CURIAM.

We have examined the record in this case and the prior case, *Mashpee Tribe v. Town of Mashpee,* 447 F.Supp. 940, 950 (D.Mass. 1978), *aff'd sub nom. Mashpee Tribe v. New Seabury Corp.,* 592 F.2d 575 (1st Cir.), *cert. denied,* 444 U.S. 866, 100 S.Ct. 138, 62 L.Ed.2d 90 (1979), with care, and we have reached three conclusions. First, the deci-

sion in the prior case rested on the tribe's inability to prove an essential element of its substantive claim, its continued tribal identity; the dismissal order therefore was a judgment on the merits rather than a dismissal for lack of subject matter jurisdiction. Second, all claims in this case are either the same as, or logically dependent upon, the basic claim presented in the first case—namely, whether the Mashpee Tribe is legally entitled to its "tribal land" in and around Mashpee, Massachusetts. *See generally Epps v. Andrus,* 611 F.2d 915 (1st Cir.1979); *Shulthis v. McDougal,* 170 F. 529, 533 (8th Cir.1909), *appeal dismissed,* 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205 (1912); *United States v. Felter,* 546 F.Supp. 1002, 1022 (D.Utah 1982); F. Cohen, *Handbook of Federal Indian Law* 605–11 (1982 ed.). Third, this claim was fairly litigated in the first suit, and the interests of the tribe and its members were fully and fairly represented. *See, e.g., Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); *Nathan v. Rowan,* 651 F.2d 1223 (6th Cir. 1981); *Haas v. Howard,* 579 F.2d 654, 657 n. 2 (1st Cir.1978).

▮ Under these circumstances, this effort to relitigate the tribe's claim is barred by elementary principles of res judicata. *See Restatement (Second) of Judgments* §§ 19, 24–25, 41 (1982); 3 Bracton, *On the Laws and Customs of England* 351–52 (S. Thorne trans. 1977) (circa 1250). The addition of other defendants and parcels of land does not change the result, for title to all Mashpee land is what was, and what remains, at stake. *See Mendez v. Bowie,* 118 F.2d 435, 440 (1st Cir.), *cert. denied sub nom. Rios v. Bowie,* 314 U.S. 639, 62 S.Ct. 76, 86 L.Ed. 513 (1941); *Mertes v. Mertes,* 350 F.Supp. 472 (D.Del.1972), *aff'd by order,* 411 U.S. 961, 93 S.Ct. 2141, 36 L.Ed.2d 681 (1973); *Restatement (Second) of Judgments* §§ 25, 43 comment c (1982). Indian land claims are not entitled to a special exemption from these principles. *See Arizona v. California,* —— U.S. ——, ——, 103 S.Ct. 1382, 1395, 75 L.Ed.2d 318 (1983) (dictum); *Heckman v. United States,* 224 U.S. 413, 445–46, 32 S.Ct. 424, 434, 56 L.Ed. 820

* Of the District of Massachusetts, sitting by designation.

(1912). Our examination of the trial record confirms our previous conclusion that the trial court was not biased; we deny the plaintiffs' second motion to disqualify the trial judge, as well as all remaining motions.

*The judgment of the district court is affirmed. The petition for mandamus and all other motions are denied.*