UNITED STATES of America

v.

Richard MOTTOLO, et al.

STATE OF NEW HAMPSHIRE

v.

Richard MOTTOLO, et al.

Civ. Nos. 83–547–D, 84–90–D.

United States District Court,
D. New Hampshire.

July 18, 1985.

On Motion To Reconsider Or
Clarify Aug. 15, 1985.

See also, D.C., 605 F.Supp. 898.

Office of Atty. Gen. by Peter G. Beeson, U.S. Atty. by Douglas J. Miller, Asst. U.S. Atty., Concord. N.H., F. Henry Habicht, II, Acting Asst. Atty. Gen., Elizabeth Yu, Atty., Andrew S. Hogeland, Environmental Enforcement Section, Land and Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., and Lynn Peterson, Office of Regional Council, U.S. E.P.A., Boston, Mass., for plaintiffs.

Shute, Engel & Morse, P.A. by Lynn D. Morse, Exeter, N.H., for Mottolo and Service Pumping & Drain Co., Inc.

Stark & Peltonen, P.A. by Rodney L. Stark, Manchester, N.H., for K.J. Quinn & Co., Inc.

Carl Sutera, pro se.

Sheehan, Phinney, Bass & Green, P.A. by Claudia C. Damon and James E. Higgins, Manchester, N.H., for Lewis Chemical Corp., Sutera and K.J. Quinn & Co., Inc.

## ORDER

DEVINE, Chief Judge.

This is a civil action brought under section 107(a) of the Comprehensive Environmental Response, Compensation and Liabil-

ity Act of 1980 ("CERCLA"), 42 U.S.C. § 9607(a), for reimbursement of costs incurred by plaintiffs United States of America and State of New Hampshire in the cleanup of a hazardous waste site in Raymond, New Hampshire. By Order of April 24, 1985, this Court granted a motion for continuance, all parties concurring, of the then-scheduled June 17, 1985, trial date. The matter now comes before the Court on motions by plaintiffs United States and New Hampshire to amend their complaints to include a request for a declaratory judgment holding that defendants are liable for any future response costs which may be incurred by plaintiffs at the Raymond, New Hampshire, site. Defendants strongly oppose the motion, claiming plaintiffs have been dilatory in amending their complaint and that the proposed amendment would unduly prejudice defendants at this late stage of the proceeding. Plaintiffs argue that the proposed amendment is limited to the liability issue already before the Court and that recovery of any future costs would be the subject of a separate proceeding sometime in the future.

■ The Court finds that plaintiffs' motion to amend their complaints should be granted with the condition that discovery be reopened and trial postponed until such time as plaintiffs present a final and specific *ad damnum* covering all CERCLA damages which plaintiffs seek to recover from defendants in connection with the Raymond site. In so ruling, the Court finds that the piecemeal litigation strategy proposed by plaintiffs would violate the doctrine against claim-splitting and would defeat the interests of fairness and the economic use of scant judicial resources.

Rule 15(a), Fed.R.Civ.P., provides that leave to amend the pleadings "shall be freely given when justice so requires". *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In exercising its discretion to grant leave to amend, the Court must consider such factors as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the

party, or futility of the amendment. *Id.* Defendants claim that plaintiffs have been dilatory in amending their complaint to include a claim for future cleanup cost recovery in that plaintiffs knew as early as January 1985 that future cleanup activities were under consideration by the Environmental Protection Agency ("EPA") but waited until June 1985 to seek amendment of the complaint. However, the Court finds that as soon as the speculative possibility of further cleanup activity crystallized into a first-stage EPA proposal to add the Raymond site to the National Priorities List, established under section 105(8) of CERCLA, 42 U.S.C. § 9605(8), 50 Fed.Reg. 14115 (April 10, 1985), plaintiffs seasonably moved to amend the complaint to accommodate the proposed action, filing the proposed amendment on May 14, 1985. Therefore, the Court finds no dilatory behavior warranting denial of the requested amendment. Defendants further object that the proposed amendment would require costly additional discovery, just when case preparation appeared to be complete and the case ready for trial. However, the Court notes that the trial date already has been extended to accommodate defense counsel, and that defendants will have ample additional discovery opportunity prior to the rescheduling of the trial date. Therefore, the Court rules that plaintiffs may amend their complaint to seek reimbursement of future cleanup costs.

However, the Court grants this amendment on the condition that trial of this action will not proceed until such time as plaintiffs have presented a comprehensive and quantified *ad damnum* and until such time as the parties have thoroughly explored the possibility of settlement. Thus, the Court rejects the plaintiffs' proposal to try this action in multiple stages: a first-stage proceeding to recover the costs of cleanup efforts already completed and to secure an open-ended judgment for all future cleanup activities; and a second stage, or possibly several successive stages, to present an accounting of additional cleanup activities which might be performed sometime in the future. Although plaintiffs ar-

gue that the remedial purposes of CERCLA require this approach to reimbursement of the Hazardous Substance Response Fund, 42 U.S.C. §§ 9611–9612, the Court finds no mandate in CERCLA for a "rolling-accounting" procedure whereby the Government may seek judgment for unlimited damages and return at its convenience to seek additional payments from defendants. While CERCLA was intended to provide the federal government with the tools necessary for prompt and effective response to the hazardous waste disposal threat and to impose the costs and responsibilities for remedial action upon persons responsible for the creation of the hazardous waste disposal threat, *see United States v. Reilly Tar and Chemical Corp.*, 546 F.Supp. 1100, 1110, 1112 (D.Minn.1982), the Act contains no indication that it was intended to suspend the doctrine against splitting claims, which is one application of the general doctrine of *res judicata*. As the First Circuit Court of Appeals noted in *Sutcliffe Storage and Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947):

> There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket; it is enough if one complete adjudication of the controversy be had. As a matter of fact, it is often an advantage to the plaintiff to have the issue of double suits settled before he finds himself barred from full recovery by a partial but final judgment in one action.

*See also Mendez v. Bowie*, 118 F.2d 435, 440–41 (1st Cir.), *cert. denied*, 314 U.S. 639, 62 S.Ct. 76, 86 L.Ed. 513 (1941). Plaintiffs will not be permitted to bring successive actions for additional damages, but instead must finally resolve all CERCLA issues and damage claims in one consolidated trial. *See Mashpee Tribe v. Watt*, 707 F.2d 23, 24 (1st Cir.1983) (*res judicata* barred second action where claims were the same, or logically dependent upon, basic claim presented in first case); 21 Fed.Proc., L.Ed. § 51:202 (1984). Fairness and judicial economy require that plaintiffs be permitted to proceed to trial only after they have presented a finalized *ad damnum*, thereby enabling one dispositive hearing consolidating all CERCLA claims.[1] Once plaintiffs have quantified their damages claims against defendants, the parties will be given sufficient time to thoroughly explore the possibilities of settlement.[2]

Therefore, plaintiffs' motion to amend their complaint is granted with the condition that this case will not proceed to trial until plaintiffs have presented a final, quantified damages claim, reflecting all CERCLA damages to be recovered from defendants in connection with the Mottolo site. The case is remanded to the Magistrate for establishment of a discovery schedule consistent with this Order. In light of this indefinite postponement of trial and reopening of discovery, the Court holds that defendants' June 21, 1985, appeal of the Magistrate's June 13, 1985, Order 155 denying as untimely filed defendants' motion to add additional expert witnesses is moot.

SO ORDERED.

### ON MOTION TO RECONSIDER OR CLARIFY

The United States of America and State of New Hampshire have submitted a motion requesting that this Court reconsider or clarify its July 18, 1985, Order or, in the alternative, certify an appeal pursuant to 28 U.S.C. § 1292. For the reasons stated below, this Court denies the motion with respect to all three requests.

---

1. Trial of the liability issues alone in a similar CERCLA cost recovery action in this Court has already devoured 116 trial days, and the damages phase of litigation has yet to be commenced. *United States, et al v. Ottati and Goss, Inc., et al,* No. 80–225–L (D.N.H. closing arguments on liability June 13, 1985).

2. In so ruling, t..e Court recognizes that other courts have granted declaratory judgments holding defendants liable for future CERCLA cleanup costs. To the extent that these decisions are not distinguished as hinging upon the court's exercise of its discretion, this Court simply fails to agree that such judgments are appropriate in these circumstances.

First, as to the motion for clarification, plaintiff expresses confusion as to whether the basis of this Court's Order is the exercise of the Court's discretion or, rather, a finding that *res judicata* principles proscribe segmented trial. The Court emphasizes that its July 18, 1985, Order is based both upon its discretion to deny separate trials under Rule 42(b), Fed.R.Civ.P., and upon a finding that plaintiffs' proposed piecemeal litigation strategy would violate the doctrine against claim-splitting.

■ The only new issue raised by plaintiffs' motion for reconsideration[1] is the argument that Rule 42(b) permits the Court to try this action in multiple stages: a first-stage proceeding to recover the costs of cleanup efforts already completed and to secure an open-ended judgment declaring defendants liable for all future cleanup activities; and a second stage, to recover damages for cleanup activities which may be performed at some indeterminate future date. However, this Court finds as a matter of discretion that Rule 42(b) should not be applied to implement plaintiffs' proposed piecemeal litigation strategy, as segmented trials would not further the interests of convenience, expedition, or economy, and would in fact severely prejudice defendants.

As noted in this Court's July 18, 1985, Order, plaintiffs' piecemeal litigation strategy would defeat the interests of judicial economy and fairness to the parties. Considerable duplication of discovery and trial testimony would be engendered by multiple-stage proceedings, as CERCLA requires that in order to recover future cleanup costs plaintiffs would have to show not only that the cleanup costs incurred at the site are consistent with the National Contingency Plan, 42 U.S.C. § 9607(a), but also that the damages are attributable to defendants as responsible parties under 42 U.S.C. § 9607. Furthermore, the prejudice posed to defendants by plaintiffs' rolling accounting approach to damage recovery is unfair. First, defendants would be put to undue and unfair expenditure of resources for defense of multiple trials on related CERCLA claims. Second, defendants would be confronted with the unfair challenge of defending liability in a case with virtually unlimited damage exposure for ongoing cleanup activities. The federal and state governments' insistence on receiving carte blanche for future damage recovery operations, to be billed to defendants' account, also hopelessly defeats any possibility of a reasoned settlement in this case. Thus, the Court exercises its discretion to deny plaintiffs' request for separate trial under Rule 42(b), Fed.R.Civ.P., finding that separate trial would not promote judicial economy and would prejudice defendants. *See Computer Systems Engineering, Inc. v. Qantel Corp.,* 740 F.2d 59, 68–69, 71 (1st Cir.1984); *Warner v. Rossignol,* 513 F.2d 678, 684 (1st Cir.1975); 33 Fed.Proc., L.Ed. § 77:63–66. Plaintiffs' motion for reconsideration is denied.

Plaintiffs also request that this Court certify an interlocutory appeal under 28 U.S.C. § 1292 on the issue of whether the doctrine against claim splitting would be violated by segmented trial in this action. The Court denies this motion, given that the Court's Order denying separate trials is premised equally upon this Court's discretion to deny separate trials of a related action under Rule 42(b), Fed.R.Civ.P., and given that an interlocutory appeal from this Court's Order will not materially advance the ultimate termination of this action.

Accordingly, plaintiffs' motion for reconsideration and for an interlocutory appeal is denied.

SO ORDERED.

---

1. Neither plaintiffs' motion to amend their complaints to include a request for declaratory judgment concerning defendants' liability for future cleanup costs nor the supporting memoranda of law mentioned Rule 42(b), Fed.R.Civ.P.